## 49179. BURKETT v. THE STATE.

WEBB, Judge.

Defendant was convicted in March, 1972 for the offenses of robbery and burglary on indictments returned in January and May, 1967, and was sentenced to 15 years and 3 years, sentences to run concurrently. His trial on these offenses at the May term 1967 was not completed because at the time of trial he escaped. Counsel for the defendant on the present trial was appointed by the court on March 14, 1972 while he was engaged in the trial of another case which consumed his time and attention until noon on March 15, at which time defendant's cases were called for trial.

Defendant in his amended motion for new trial, which was denied, asserted that the court erred: 1. In overruling his motion for continuance based upon the ground that his court-appointed attorney had never met or talked to him concerning the defense of his cases prior to calling them in open court; 2. In refusing to grant a mistrial over objections that the assistant district attorney prosecuting the above cases had formerly represented defendant on the same charges; and 3. In allowing evidence to be introduced showing the defendant escaped in 1967, over objection that same was prejudicial to defendant's cases and had no relevancy to them. Defendant appeals, enumerating these matters as error. *Held:*

1. In our view of the case, resolution of the second enumeration of error is dispositive. After the jury was impaneled and sworn, all witnesses had been sworn and sequestered and the assistant district attorney had opened to the jury, defendant's court-appointed attorney learned from defendant and brought to the attention of

the court that the assistant district attorney, Flythe, had represented the defendant on the same two cases in 1967 for which Flythe was now prosecuting the defendant. One indictment shows this fact. Defendant's court-appointed attorney asked that a mistrial be declared. The court agreed that defendant's objection was well taken, declared Mr. Flythe disqualified, called in another assistant district attorney, and even indicated a willingness to allow time to the state "to go over the case and be ready in the morning for trial." State's counsel, after a conference, from which the court had excluded Mr. Flythe, announced that the state was ready to proceed at once.

The learned trial judge was eminently correct in declaring Mr. Flythe disqualified, but in our view he did not go far enough. Mr. Flythe was in the position of blowing cold when defending defendant, and blowing hot when prosecuting, all with the same breath. He had qualified the jurors, sworn them in, made his opening remarks to the jury and begun his examination of the first witness. As far back as 1852 the Supreme Court held that "public policy forbids that a solicitor general who has prosecuted a defendant for a violation of the law, by preferring an indictment against him, should appear as his counsel to defend him from the charge, after the expiration of his term of office." *Gaulden v. State,* 11 Ga. 47, 51. If that be true, certainly the inverse is all the more true, that of a defense counsel later prosecuting an accused for the same offense against which he had previously defended the accused. In response to this court's request to the district attorney that a brief for the state be filed, it was Mr. Flythe who submitted the brief.

"The rule must of necessity be that if an attorney has been employed in a matter and has appeared in court in connection therewith, he can not thereafter accept employment and appear in a case against his former client, where under the latter employment he must necessarily assume a position contrary to that involved in his former employment." *Tilley v. King,* 190 Ga. 421, 425 (9 SE2d 670).

Likewise, "nothing is better settled than that an attorney who acquires knowledge of the affairs of another

pending the relationship of attorney and client between them cannot use such knowledge afterwards to the detriment of his former client. An attorney who has been on one side of litigation will not be allowed to take a position in subsequent cases where the knowledge derived from his former client might be used to the prejudice of such client. See *Burnside v. Perry,* 51 Ga. 186 (2); *Brown v. Matthews,* 79 Ga. 1 (3); *Conley v. Arnold,* 93 Ga. 823 (1) [20 SE 762]; *Stone v. Minter,* 111 Ga. 45 (1) [36 SE 321]." *Tucker v. Murphey,* 114 Ga. 662, 665 (40 SE 836).

2. Prior to defendant's motion for mistrial, and after the jury had been impaneled, the assistant district attorney had opened, and one witness called, defendant's counsel requested a continuance "since I only came into this case only yesterday and I have been involved in another case all day yesterday and up until a few minutes ago." The court responded that it would have been all right if counsel had made that motion before the jury had been impaneled, and he overruled the motion.

Our bill of rights declares that "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." Constitution of 1945, Art. I, Sec. I, Par. V (Code Ann. § 2-105).

"This constitutional guaranty of 'benefit of counsel' means something more than the mere appointment by the court of counsel to represent the accused. He is entitled to a reasonable time for preparation by such counsel to properly represent him on trial." *Reliford v. State,* 140 Ga. 777, 778 (79 SE 1128). "Benefit of counsel either means something or it means nothing. To promise the benefit of counsel and then render the service ineffective is, as Judge Blandford once remarked, 'to keep the word of promise to the ear and break it to our hope.' " *Shepard v. State,* 165 Ga. 460, 464, (141 SE 196).

Defendant's counsel indeed should have made the motion before the jury was impaneled, but the record fails to disclose that either side ever announced ready, and we do not think counsel was too late. The court did not show the same willingness to continue the case on behalf of defendant's counsel to allow him time to

prepare as it did by offering to state's counsel time to "go over the case and be ready in the morning for trial." If it was not too late for the state, it was not too late for defendant. Constitutional ramifications would be inherent in a contrary holding.

"The Constitution of this state provides that every person accused of crime shall have the privilege and benefit of counsel, and shall have compulsory process to compel the attendance of his own witnesses; but it is useless to appoint counsel to represent one so accused unless the attorney so appointed is given at least a reasonable opportunity to prepare the case entrusted to him." *Brown v. State,* 120 Ga. 145, 147 (47 SE 543). Furthermore, "undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes." *Harris v. State,* 119 Ga. 114, 115 (45 SE 973). We think the court erred in not granting the motion for continuance.

"If there should be those so unduly concerned because the defendant has not been brought to account for his alleged crimes as to complain of the law's delay, our answer must be that undue haste, amounting to a denial of the benefit of counsel, requires that the defendant's constitutional right of counsel be given him, regardless of the evidence against him. This fundamental right is guaranteed to every person charged with crime." *Edwards v. State,* 204 Ga. 384, 389 (50 SE2d 10).

3. In view of our holding, and particularly as to the motion for mistrial, it is not necessary to pass upon the other alleged error. The judgment of the lower court is reversed.

*Judgment reversed. Deen and Stolz, JJ., concur.*

SUBMITTED APRIL 2, 1974 — DECIDED APRIL 23, 1974.

*Leonard M. Tuggle,* for appellant.
*Richard E. Allen,* District Attorney, *J. Bacheller Flythe,* for appellee.