THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOYCE JUNE RHYMER, Defendant-Appellant.

(No. 73-12; )

Fifth District—September 29, 1975.

432

Paul Bradley and Brenda E. Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

W. C. Spomer, State's Attorney, and Ralph J. Mendelsohn, of State's Attorney Task Force, both of Cairo, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was indicted and tried before a jury for the offenses of conspiracy to commit theft, burglary and theft. The jury returned a verdict finding the defendant guilty of the offense of conspiracy to commit theft, and the trial court sentenced the defendant to two years' probation.

There are two issues presented by the defendant in her appeal: whether the State proved the defendant guilty beyond a reasonable doubt and whether she was denied a fair trial due to a conflict of interest on the part of the prosecutor.

It will not be necessary to discuss the question of reasonable doubt, as the judgment must be reversed, because of the conflict of interest of the assistant State's attorney who presented the case for the State.

During a hearing on defendant's motion to suppress certain out of court statements, it was revealed that shortly after her arrest the defendant visited William Meehan's office. Mr. Meehan was a part-time assistant State's attorney, and also maintained a private law practice in the city of Cairo, Illinois. An investigator for the State's attorney's office of Alexander County testified that he was in Mr. Meehan's office at the time that the defendant and one Monroe Baucher visited the office. Mr. Baucher was a divorce client of Mr. Meehan.

The record at the hearing on the motion to suppress indicates that the defendant was in the office 20 to 30 minutes discussing her involvement in a crime before Mr. Meehan realized the impact of her statements

and informed the defendant of her constitutional rights. The investigator testified that he was present during the conversation, but that he did not pay much attention until four or five minutes had elapsed when he realized that defendant was giving details of a "crime" which had been committed at the Cairo River and Rail Warehouse. He said on cross-examination that it might have been as long as half an hour before the defendant was advised of her constitutional rights by Mr. Meehan. At that time a tape recorder was turned on and a statement taken from the defendant. The statement taken at this meeting was ordered suppressed by the court after a hearing.

Several weeks after the meeting in Mr. Meehan's office the defendant was indicted and five months later Mr. Meehan appeared as attorney of record, handling the prosecution for the State's attorney's office.

The central issue in this case is whether an attorney who has gained information from a defendant seeking his services can later prosecute that same defendant on charges arising out of the case they discussed. We hold that there was a conflict of interest on behalf of the prosecution, which denied defendant a fair trial.

■■ It is well settled that where an attorney has, through his professional services to a client, acquired confidential information and then later participated in any way in the prosecution of the case, reversible error is committed. (*People v. Gerold*, 265 Ill. 448; *People v. Curry*, 1 Ill.App. 3d 87; *People v. Lee*, 8 Ill.App.3d 232.) As the court pointed out in *Gerold*:

> "An attorney cannot be permitted to assist in the prosecution of a criminal case if by reason of his professional relations with the accused he has acquired a knowledge of the facts upon which the prosecution is predicated or which are closely interwoven therewith." 265 Ill. 448, 478.

In *State v. Leigh*, 178 Kan. 549, 289 P.2d 774 (1955), the defendant and his wife conferred several times with an attorney, seeking his professional services in defending a charge. The attorney was subsequently elected County Attorney and prosecuted the defendant for the offense they had discussed. The court found the attorney's behavior to be reversible error, even though the attorney had never received any money from the defendant, nor had he agreed to represent him. As the court in that case pointed out (178 Kan. 549, 552, 289 P.2d 774, 777):

> "An attorney cannot be permitted to participate in the prosecution of a criminal case, if by reason of his professional relations with the accused, he has acquired knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith."

The record shows that the defendant visited Mr. Meehan's office with Baucher, who was represented by Mr. Meehan, for the purposes of discussing her criminal case with him. There was testimony that she had a lawyer but was dissatisfied with him. There is no evidence that she was aware that Mr. Meehan was a part-time assistant on the States' attorney staff until he so informed her and then advised her of her rights. It was then too late as she had already related many of the details of the crime for which she was prosecuted. Even though the "Miranda" warning was given and the defendant's statement which was given was suppressed, Mr. Meehan should have never participated in the prosecution.

■■ The State points out that Mr. Meehan had no way of knowing the defendant's purpose prior to her visit to his office. The defendant, however, has never claimed that the conflict of interest originated from any intentional action on the part of Mr. Meehan. The record is incomplete as to what extent the defendant related the details of the crime before she was warned by Mr. Meehan. However, it is clear that the purpose of her visit with Baucher was to obtain the services or advice of a lawyer concerning her criminal activities.

The appellee takes the position that a conflict of interest did not arise because after Mr. Meehan realized the defendant was relating the details of a burglary he stopped her and informed her that before she made any further statements it would be advisable for him to give her her "rights." However, this was too late, as the record indicates the defendant discussed the criminal case for at least 20 to 30 minutes before she received the warning. We further note that the appellee's brief cites no cases in support of its contention that no error was committed.

■■ It is true that the defendant did not object to Mr. Meehan handling the prosecution of the case at the time of the trial. In *People v. Curry*, 1 Ill.App.3d 87, and *People v. Lee*, 8 Ill.App.3d 232, the defendants did not raise the conflict of interest issue until the case was on appeal. Despite the defendant's failure to object at trial, the courts considered this issue in each instance. A defendant's right to confidential relations with an attorney and the attorney's role in protecting a client's privileged communications involved substantial rights that fall within the purview of the plain error doctrine set forth in Supreme Court Rule 615(a).

For the reason stated, the judgment of the trial court of Alexander County is reversed and the cause remanded for a new trial.

Reversed and remanded.

G. MORAN and KARNS, JJ., concur.