[No. D001511. Fourth Dist., Div. One. Jan. 23, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
CARLOS LEPE, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Keith I. Motley and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Appellant.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**BUTLER, J.**—Before assuming the office of district attorney for Imperial County, Thomas W. Storey defended Carlos Lepe in two criminal cases. The first charged assault on Betty Araujo. Joe Luis Herrera and Jesse Daniel Rodriguez were witnesses. The second charged intimidation of Herrera and Rodriguez, witnesses in the first case. Later, as district attorney, acting through an assistant district attorney, Storey signed and filed an information

charging Lepe with assault with a deadly weapon, a knife, on Herrera and Rodriguez and infliction of great bodily injury on Herrera.[1]

Lepe's motion to recuse the entire Imperial County District Attorney's office was granted. The People appeal, contending abuse of discretion.

## I

Penal Code section 1424[2] requires a motion to disqualify a district attorney must set forth a statement of facts relevant to the claimed disqualification with points and authorities and ". . . the motion shall not be granted unless it is shown by the evidence that a conflict of interest exists such as would render it unlikely that the defendant would receive a fair trial."

The People say Lepe did not produce any evidence bearing on a conflict of interest such as to affect Lepe's right to a fair trial.[3]

It is true Lepe did not produce any witnesses and did not offer any documentary evidence. His counsel said, ". . . I will be requesting . . ." an *in camera* hearing outside the presence of the prosecution in which Lepe would testify concerning Storey's representation in his earlier trials involving Herrera and Rodriguez. Lepe's testimony would also concern his apparent plea bargain in the intimidation case.

His testimony further would be the basis to bar the use of that prior conviction which resulted in a prison term on the grounds of inadequate representation by Storey. The People objected to the *in camera* hearing, Lepe's lawyer did not formally make the *in camera* hearing motion and the court did not hold the hearing.

## II

The issue on the record thus emerges: Is there a conflict of interest such as to make it unlikely Lepe would receive a fair trial at the hands of a

---

[1]The district attorney sought to amend the information to charge Lepe's prior conviction for the assault on Betty Araujo. The moving papers show a plea to the charges "on or about January 19, 1981," a CYA referral February 1981, and a prison sentence March 22, 1982. The record suggests postponement pending appeal of the hearing on the motion to amend. Lepe's lawyer advised the court Storey had represented Lepe on that charge and proposed to move to set that plea aside for attorney incompetence and to call Storey as a witness in that hearing.

[2]All statutory references are to the Penal Code unless otherwise specified.

[3]Our factual preamble is gleaned from comments of counsel to which no objections were made as reflected in the reporter's transcript and from the documents in the clerk's transcript.

prosecutor, his former lawyer who defended him in two earlier cases involving the persons who now are the victims here. In deciding the issue we keep in mind Lepe's contentions alluded to by his lawyer concerning validity of his plea in the witness intimidation case, the adequacy of Storey's representation and his intention to call Storey as a witness. We judicially notice proper preparation of a defense to a criminal charge mandates investigation of the charged offense, the victims and the other witnesses and their credibility, the relationship of the defendant to the victim and myriad other factors. Necessarily, that preparation includes attorney-client communications and Lepe's resultant privilege Storey not disclose their content. The issue admits but one answer—the office of the district attorney must be recused.

Storey is a member of the State Bar. A member shall not accept employment adverse to a former client without the client's informed consent relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by the former client (rule 4-101, Rules Prof. Conduct). ■ It is improper for a district attorney to prosecute a former client without that client's consent for a crime relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by the former client (*People* v. *Superior Court* (*Greer*) (1977) 19 Cal.3d 255, 261 [137 Cal.Rptr. 476, 561 P.2d 1164]). While Lepe failed to adduce any evidence Storey obtained confidential information while defending the two earlier cases, we accept the realities of a criminal defense. Lepe had to relate to Storey the circumstances of the first assault witnessed by Herrera and Rodriguez and his later intimidation of those witnesses. That information necessarily includes the basis for Lepe's hostility toward the now twice-tormented victims with resultant inference of his propensities toward assault and intimidation. Lepe's personality traits, lifestyle, associations, thought patterns, attitudes—all are eventually known to thoughtful and prepared counsel. We are sufficiently worldly to conclude Storey's prior representation of Lepe included his obtaining confidential information from Lepe. ■ It follows the risk of disclosure of that information gives rise to a conflict of interest. (*People* v. *Lopez* (1984) 155 Cal.App.3d 813, 825 [202 Cal.Rptr. 333].) Whether that conflict of interest renders it unlikely Lepe would receive a fair trial as required by section 1424 requires further analysis.

A conflict within the meaning of section 1424 exists ". . . whenever the circumstances of a case evidence a reasonable possibility that the [District Attorney]'s office may not exercise its discretionary function in an even-handed manner." (*People* v. *Conner* (1983) 34 Cal.3d 141, 148 [193 Cal.Rptr. 148, 666 P.2d 5].) Here, Storey would be inclined vigorously to

amend the information to include the prior and to uphold its validity against Lepe's contention of constitutional infirmity for lack of proper lawyering by Storey. His prosecution of the charged offenses necessarily would be influenced by his knowledge of the victims and of Lepe, garnered during the earlier representations. The "evenhanded" manner required of the prosecution is missing. Storey's hand on the tiller of the prosecution, his hand on one of the scales of justice, is not the even hand required to assure justice—the end result of a criminal prosecution.

As the deputies are hired by Storey, evaluated by Storey, promoted by Storey and fired by Storey, we cannot say the office can be sanitized such to assume the deputy who prosecutes the case will not be influenced by the considerations that bar Storey himself from participation in the case. (See *People* v. *Lopez, supra,* at p. 827.)

The order recusing the district attorney's office is affirmed.

Work, Acting P. J., and Gamer, J.,* concurred.

A petition for a rehearing was denied February 7, 1985.

---

*Assigned by the Chairperson of the Judicial Council.