[No. 54965–6.   En Banc.   September 2, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. RUSSELL
FRANCIS STENGER, *Petitioner.*

*Todd M. Rutledge* and *Thomas C. Phelan,* for petitioner.

*Arthur D. Curtis, Prosecuting Attorney,* and *Roger A. Bennett, Chief Deputy,* for respondent.

ANDERSEN, J.—

## OUR EARLIER ORDER

We granted discretionary review of this aggravated murder in the first degree case at the pretrial stage. At issue is disqualification of the prosecuting attorney and his staff. The issue and our resolution of it are briefly explained by our order of May 31, 1988 entered herein. It is as follows:

### ORDER

This is a prosecution for aggravated first degree murder in which the State has filed a notice of intent to seek the death penalty. During pretrial proceedings, defendant Russell Francis Stenger challenged whether the Clark County Prosecuting Attorney's Office should be permitted to represent the State, since the prosecuting attorney at one time, before becoming prosecutor, represented the defendant in a case. This court granted review on that issue.

The court having considered the parties' briefs and having heard oral argument on May 23, 1988, and being mindful of the legitimate interests of both the defendant and the people in a case in which the death penalty is sought,

Now, Therefore, It Is Hereby Ordered:

(1) The Clark County Prosecuting Attorney, and deputies employed in his office at any time since the commencement of this prosecution, are disqualified from further participation as counsel in this case;

(2) The Clark County Superior Court shall appoint a special prosecuting attorney for this case, who shall have the full authority of a prosecuting attorney in the premises, including the authority to amend or confirm prior pleadings and notices; and

(3) The terms of this order will be explained by a written opinion of the court to be filed in due course.

This order, in turn, was confirmed by a second order entered on June 15, 1988.[1] As provided in the last paragraph of the above order, this opinion explains the order.

## FACTS OF CASE

The defendant, Russell Francis Stenger, was arrested on October 9, 1987 and on October 22, 1987 was charged with the crime of aggravated murder in the first degree. On November 20, 1987 the Chief Deputy Prosecuting Attorney for Clark County filed a notice of intent to seek the death penalty.[2]

The defendant then moved that the Clark County Prosecuting Attorney and his staff be disqualified from participation in this prosecution because of an alleged conflict of interest resulting from the prosecuting attorney's previous representation of the defendant in connection with other criminal charges. Defense counsel on defendant's previous misdemeanor assault and felony charge of taking a motor vehicle without the owner's permission in 1977 is now Clark County Prosecuting Attorney. As such, he is the one who ordinarily exercises administrative control over the Clark County Prosecuting Attorney's Office.[3]

---

[1] Our June 15, 1988 order in this case reads:

"By order dated May 31, 1988, this court disqualified the Clark County Prosecuting Attorney, and deputies employed in his office, from further participation as counsel in this case. The court also directed the Clark County Superior Court to appoint a special prosecuting attorney. The Clark County Prosecuting Attorney now moves for reconsideration of that order. The court having considered the motion,

"Now, Therefore, It Is Hereby Ordered:

"(1) The motion for reconsideration is denied; and

"(2) The Clark County Superior Court and the special prosecuting attorney appointed by that court on June 7, 1988 shall continue to proceed with the case as previously authorized by, and in accordance with, this court's May 31, 1988 order."

[2] RCW 10.95.040.

[3] RCW 36.27.040.

The defendant asserts by affidavit that when the present prosecuting attorney previously represented him, he discussed confidential information with his then counsel including his prior history of drug use, various uncharged criminal activities, and other antisocial behavior. The prosecuting attorney acknowledges his prior representation of the defendant as defense counsel and concedes that he would have had private conversations with his client; he states, however, that he does not have any specific present memory of such confidences.

The record reflects that the prosecuting attorney was aware, even before the defendant was arrested, that the defendant had in fact been a previous client of his in a criminal case. The prosecuting attorney fairly and candidly acknowledges that in the present case he assisted in the preparation of a press release; attended a press conference; spoke with the press; and appeared as a spectator at some of the hearings in the case. The prosecuting attorney was also present at a briefing in the sheriff's office following the defendant's arrest.

As the prosecuting attorney explained in his testimony, "I did converse with [the deputy prosecuting attorney in charge of the prosecution] and investigators on the case as to what the situation was as far as the evidence and statements [the defendant] had made and things like that. I was interested in finding out the sufficiency of the evidence." He also acknowledged that he discussed with the press "what aggravated circumstances were being contemplated being filed in the case". This discussion with reporters regarding potential aggravating circumstances took place over a month before the prosecuting attorney's office elected, pursuant to statute, to seek the death penalty. The prosecuting attorney acknowledges that his deputy continued to provide information to him about the case, the investigation and new developments. After he voluntarily indicated that he did not want to be involved in the case,

the prosecuting attorney also accompanied the deputy in charge of the case to the autopsy of the victim.

It was at this point that we granted discretionary review[4] of the trial court's denial of the defendant's motion to disqualify the Clark County Prosecuting Attorney's Office from the case and entered the orders noted above.

One ultimate issue is before us.

## ISSUE

Under the facts of this case, should the prosecuting attorney's representation of the defendant in a prior criminal case disqualify the prosecuting attorney as well as his staff from handling the prosecution of the defendant for the crime of aggravated murder in the first degree where the death penalty is sought?

## DECISION

CONCLUSION. We hold as follows:

So far as the prosecuting attorney is concerned:

1. The Rules of Professional Conduct require that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation and a full disclosure of the material facts. RPC 1.9(a).

■ 2. As a corollary of this general rule, a prosecuting attorney is disqualified from acting in a criminal case if the prosecuting attorney has previously personally represented or been consulted professionally by an accused with respect to the offense charged[5] or in relationship to matters so closely interwoven therewith as to be in effect a part thereof.[6] One of the reasons a prosecuting attorney may

---

[4]RAP 2.3.

[5]*Young v. State*, 177 So. 2d 345, 346 (Fla. Dist. Ct. App. 1965); *State v. Leigh*, 178 Kan. 549, 552, 289 P.2d 774 (1955); *Burkett v. State*, 131 Ga. App. 662, 663, 206 S.E.2d 848 (1974). *See* RPC 1.11(c)(1).

[6]*Sharplin v. State*, 330 So. 2d 591, 594 (Miss. 1976); *Branan v. State*, 161 Ind. App. 443, 444, 316 N.E.2d 406 (1974).

not participate in such a criminal case is that it is inherent in such a situation that by virtue of the prosecuting attorney's prior representation of an accused, the prosecuting attorney has likely acquired some knowledge of facts upon which the prosecution is predicated or which are closely related thereto.[7] Parenthetically, this rule as well as the previous rule is equally applicable to deputy prosecuting attorneys.[8]

3. Under the facts of this case, and based on the foregoing rules, the prosecuting attorney would not have been disqualified from prosecuting the murder in the first degree charge against the defendant since that charge by itself is unrelated to the accused's previous crimes concerning which the prosecuting attorney represented him.[9] Since the offense charged here is *aggravated* murder in the first degree, where the death penalty is sought, however, and the previous case handled by the prosecuting attorney as counsel for the defendant is thereby closely interwoven with it, the prosecuting attorney is disqualified from acting. This is because the death penalty is the ultimate punishment[10] and, before the prosecuting attorney may ask imposition of the death penalty, the prosecuting attorney must have reason to believe that there are not sufficient mitigating circumstances to merit leniency.[11] The factual information the prosecuting attorney obtained from the accused by virtue of the prosecuting attorney's previous legal representation of the accused, including information about the defendant's background and earlier criminal and antisocial conduct, is

---

[7]*Gajewski v. United States,* 321 F.2d 261, 267–68 (8th Cir. 1963), *cert. denied,* 375 U.S. 968 (1964); *Leigh,* at 552; *People v. Rhymer,* 32 Ill. App. 3d 431, 433, 336 N.E.2d 203 (1975).

[8]*Corbin v. Broadman,* 6 Ariz. App. 436, 440, 433 P.2d 289, 31 A.L.R.3d 943 (1967); *Burkett,* at 663.

[9]*State v. Laughlin,* 232 Kan. 110, 112–14, 652 P.2d 690 (1982).

[10]*State v. Bartholomew,* 101 Wn.2d 631, 640, 683 P.2d 1079 (1984).

[11]RCW 10.95.040(1); *State v. Campbell,* 103 Wn.2d 1, 25, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985).

information closely interwoven with the prosecuting attorney's exercise of discretion[12] in seeking the death penalty in the present case. In short, privileged information obtained by the prosecuting attorney when he was the defendant's counsel in the previous case could well work to the accused's disadvantage in this case where the death penalty is sought.

So far as the prosecuting attorney's office is concerned:

4. Where the prosecuting attorney (as distinguished from a deputy prosecuting attorney) has previously personally represented the accused in the same case or in a matter so closely interwoven therewith as to be in effect a part thereof, the entire office of which the prosecuting attorney is administrative head should ordinarily also be disqualified from prosecuting the case and a special deputy prosecuting attorney appointed.[13] This is not to say, however, that anytime a prosecuting attorney is disqualified in a case for any reason that the entire prosecuting attorney's office is also disqualified. Where the previous case is not the same case (or one closely interwoven therewith) that is being prosecuted, and where, for some other ethical reason the prosecuting attorney may be totally disqualified from the case, if that prosecuting attorney separates himself or herself from all connection with the case and delegates full authority and control over the case to a deputy prosecuting attorney, we perceive no persuasive reason why such a complete delegation of authority and control and screening should not be honored if scrupulously maintained.[14]

5. There is a difference between the relationship of a lawyer in a private law firm and a lawyer in a public law office such as prosecuting attorney, public defender, or attorney general; accordingly, where a deputy prosecuting

---

[12]*State v. Rupe,* 101 Wn.2d 664, 699–700, 683 P.2d 571 (1984).

[13]*People v. Lepe,* 164 Cal. App. 3d 685, 688, 211 Cal. Rptr. 432 (1985); *State v. Tippecanoe Cy. Court,* 432 N.E.2d 1377, 1379 (Ind. 1982). *See also* RCW 36.27.030; RCW 36.27.040.

[14]*See Laughlin,* at 113–14.

attorney is for any reason disqualified from a case, and is thereafter effectively screened and separated from any participation or discussion of matters concerning which the deputy prosecuting attorney is disqualified, then the disqualification of the entire prosecuting attorney's office is neither necessary nor wise.[15]

6. Under the facts of the case before us, although the prosecuting attorney did eventually delegate handling of the case to a deputy prosecuting attorney in his office, he did not effectively screen and separate himself from the case but instead maintained quite close contact with it. We need go no further in this capital case in order to conclude that it is appropriate that a special prosecuting attorney be appointed to handle and control the case.[16]

7. In fairness to the Clark County Prosecuting Attorney, we expressly observe that there is absolutely no question but that he acted in good faith throughout and had only the best interest and motivation for his actions. Under the law relating to professional conflicts of interest, however, that is not material to disqualification on the ground stated.[17]

For the foregoing reasons, our orders of May 31, 1988 and June 15, 1988, set out above, are confirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, CALLOW, and DURHAM, JJ., concur.

---

[15]RPC 1.11; *State v. Fitzpatrick,* 464 So. 2d 1185, 1187 (Fla. 1985); *United States v. Caggiano,* 660 F.2d 184, 191 (6th Cir. 1981), *cert. denied,* 455 U.S. 945 (1982). For a recent discussion of vicarious disqualification of law firms in the civil case context, see *First Small Business Inv. Co. v. Intercapital Corp.,* 108 Wn.2d 324, 738 P.2d 263 (1987).

[16]RCW 36.27.030; RCW 36.27.040.

[17]*Corbin,* at 439; *Leigh,* at 553.