[No. 14581-6-III.    Division Three.    January 23, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. MANUEL TOM TOLIAS, *Appellant.*

*John A. Moore, Jr.,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Lauri M. Boyd, Deputy,* for respondent.

SWEENEY, C.J., — Shortly after Manuel Tolias and Sylvia Strang purchased a home in Tieton in 1990, they began to have trouble with their neighbors, Ben and Earlene Barnes. Mr. Barnes plowed their land, graffitied their garage, and toilet papered their house. He strung barbed wire, dumped a load of lime and placed a leaking drum on the property; put tire spin marks in their yard; destroyed

their garden; directed insults at them; and directed video surveillance cameras at their residence. Mr. Tolias contacted the Yakima County Prosecutor's Office on several occasions, but no action was taken. A deputy prosecutor put him in contact with Beverly and Gary Fernelius, the Barneses' neighbors to the north. They told Mr. Tolias about their extensive history of confrontation with the Barneses, including the Barneses' stalking of Mrs. Fernelius, threatening to shoot them, attempting to run Mrs. Fernelius's son off the road, and shooting their dog and cat. Mr. Tolias believed the Barneses were "dangerous . . . violent, [and] would stop at nothing."

Two days after his discussion with the Ferneliuses, Mr. Tolias was at home when he saw the headlights of two all-terrain vehicles cross his property line at about 9 p.m. He believed the Barneses were coming to create problems. Mr. Tolias admitted at trial that he pulled Mr. Barnes off his vehicle and said, "Do you want a piece of me, you son of a bitch? Come and get it." A physical brawl resulted.

After the incident, the Yakima County Prosecutor intervened as a mediator. When mediation efforts failed, the Prosecutor personally prosecuted Mr. Tolias for assault. The trial court denied Mr. Tolias's motion to recuse the Yakima County Prosecutor's Office. The jury convicted Mr. Tolias of one count of second degree assault against Mr. Barnes. This appeal follows.

The dispositive issue is whether the court erred in denying Mr. Tolias's motion to recuse the Yakima County Prosecutor's Office. Because the prosecution violated the appearance of fairness doctrine, we conclude it did. We, therefore, reverse the conviction and remand for a new trial.

## DISCUSSION

■ ■ Appearance of Fairness Doctrine. A judicial proceeding is valid under the appearance of fairness doctrine "only if a reasonably prudent and disinterested ob-

server would conclude that all parties obtained a fair, impartial, and neutral hearing." *State v. Ladenburg*, 67 Wn. App. 749, 754-55, 840 P.2d 228 (1992); *State v. Post*, 118 Wn.2d 596, 618, 826 P.2d 172, 837 P.2d 599 (1992). The doctrine is "directed at the evil of a biased or potentially interested judge or quasi-judicial decision-maker." *Post*, 118 Wn.2d at 619; *see also State v. Perez*, 77 Wn. App. 372, 378, 891 P.2d 42 (Sweeney, J., dissenting), *review denied*, 127 Wn.2d 1014 (1995). A prosecutor is a quasi-judicial officer, and "in the interest of justice must act impartially." *Ladenburg*, 67 Wn. App. at 751. The appearance of fairness doctrine, therefore, applies to a prosecutor, at least up to and including the decision to file criminal charges against a defendant. *Id.* at 754.

Rules of Professional Conduct (RPC) 1.12(a) provides in pertinent part:

> [A] lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator, mediator [1] or law clerk to such a person, unless all parties to the proceeding consent after disclosure.

The concern with a lawyer's prior mediation role is based on the confidential nature of a mediator's activities:

> [T]he mediator is not merely charged with being impartial, but with receiving and preserving confidences in much the same manner as the client's attorney. In fact, the success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case; and upon the ability of the mediator to maintain a neutral position while carefully preserving the confidences that have been revealed.

*Poly Software Int'l, Inc. v. Su*, 880 F. Supp. 1487, 1494 (D.

---

[1]The Washington Supreme Court, in adopting the American Bar Association's MODEL RULES OF PROFESSIONAL CONDUCT, added the word "mediator" to the model rule. *See* MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.12(a). At least one court has interpreted even the model rule to apply to lawyers acting as mediators. *Poly Software Int'l, Inc. v. Su*, 880 F. Supp. 1487, 1491-95 (D. Utah 1995).

Utah 1995). For these reasons, when a mediator learns of confidential information during a mediation, the mediator should not thereafter represent "anyone in connection with the same or a substantially factually related matter unless all parties to the mediation proceeding consent after disclosure." *Poly Software*, 880 F. Supp. at 1494; *see* American Arbitration Ass'n, STANDARDS OF CONDUCT FOR MEDIATORS, 50 J. Disp. Resol. 78, Standard III, at 79 (1995). By preserving the confidences that arise as a natural and necessary part of the mediation process, this rule serves the important policy of encouraging free disclosure of parties' positions during mediation, and thus increasing the opportunity for settlement. *Poly Software*, 880 F. Supp. at 1494.

The record here does not reflect to what extent the Yakima County Prosecutor was involved in the mediation between Mr. Tolias, the Ferneliuses and the Barneses after the assault incident. Mr. Tolias notes, however, in his pro se brief that the Prosecutor met with each family at their homes to familiarize himself with the issues. He then "convened the three families with counsel in the courthouse County Commissioners' hearing room. There he sat up on the bench, acting as a judge, after hearing all sides, and made his recommendations known." Pro Se Brief at 15.

■ We hold that the actions of the Yakima County Prosecutor, while motivated by the laudable intention of defusing a volatile situation, created an appearance of unfairness.[2] We must next decide whether Mr. Tolias was required to demonstrate specific prejudice. *Perez*, 77 Wn. App. at 377.

---

[2]As prosecutor in this case, the Yakima County Prosecutor represented the State, which was not a party to the earlier mediation process. However, the purpose of the rule is to prevent subsequent use of confidential information *against* a party to the earlier mediation; it therefore is of no consequence that the Prosecutor represented a third party, when that third party's interests obviously are adverse to Mr. Tolias's and that representation related to the same matter as the mediation. *See* Michael Moffitt, Comment, *Loyalty, Confidentiality and Attorney-Mediators: Professional Responsibility in Cross-Profession Practice*, 1 HARV. NEGOTIATION L. REV. 203, 209-10 (1996).

Confidences may be used against a former client in subtle ways that may be impossible for the aggrieved party to identify:

> Even the most rigorous self-discipline might not prevent a lawyer from unconsciously using or manipulating a confidence acquired in the earlier representation and transforming it into a telling advantage in the subsequent litigation . . . . The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case.

*Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 571 (2d Cir. 1973).

Some Washington cases have declined to require disqualification of an attorney, despite a potential conflict, because the attorney's previous role had no clear relationship to the matter currently at issue. In *Ladenburg*, the defendant was the prosecuting attorney's nephew. The court declined to require disqualification because there was "no suggestion that the prosecutor . . . had any prior professional relationship with [the defendant] wherein he obtained confidential information that he could use to [the defendant's] disadvantage." *Ladenburg*, 67 Wn. App. at 753. In *Perez*, the prosecutor had a personal relationship with the crime victim's second cousin. We declined to require disqualification because "there is no showing, other than that these two women were friends and that they met on a regular basis, that there was any influence brought by the victim's second cousin or her family on the prosecutor in bringing these charges." *Perez*, 77 Wn. App. at 377; *see also State v. Hunsaker*, 74 Wn. App. 38, 46, 873 P.2d 540 (1994) (record insufficient to establish that Public Defender's Association's representation of witness was "substantially related" to current prosecution); *State v. Greco*, 57 Wn. App. 196, 200-01, 787 P.2d 940 (prosecutor represented county auditor in official capacity, unrelated to offenses charged), *review denied*, 114 Wn.2d 1027 (1990).

In this case, however, the Yakima County Prosecutor's roles as mediator and prosecutor related to, and arose directly from, the same controversy. *See* RPC 1.11(d)(1); RPC 1.12(a). Although a violation of the Rules of Professional Conduct may not require reversal of a conviction in the absence of prejudice, *see Teja v. Saran*, 68 Wn. App. 793, 800-02, 846 P.2d 1375, *review denied*, 122 Wn.2d 1008 (1993), such a violation by a quasi-judicial officer, like the Prosecutor here, creates an appearance of unfairness, which requires reversal. *Perez*, 77 Wn. App. at 378-79 (Sweeney, J., dissenting).

Our holding is not intended to suggest that a prosecutor may not in appropriate circumstances engage in mediation as an alternative to prosecution. Nor do we suggest that a prosecuting attorney's role in mediation will inevitably preclude a subsequent prosecution arising from the same controversy. When a prosecuting attorney engages in mediation, however, his or her entire office should be disqualified from participating in subsequent prosecution unless "that prosecuting attorney separates himself or herself from all connection with the case and delegates full authority and control over the case to a deputy prosecuting attorney . . . ." *State v. Stenger*, 111 Wn.2d 516, 522, 760 P.2d 357 (1988).[3] Mr. Tolias is entitled to a new trial.

Reversed and remanded for a new trial.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[3]Similarly, if a deputy prosecutor acts as a mediator, the entire office should be disqualified from prosecution unless that deputy is "effectively screened and separated from any participation [in] or discussion of matters concerning which the deputy prosecuting attorney is disqualified . . . ." *Stenger*, 111 Wn.2d at 523.

THOMPSON and KURTZ, JJ., concur.

Reconsideration denied March 6, 1997.

Review granted at 132 Wn.2d 1006 (1997).