954 P.2d 907 (1998)
135 Wash.2d 133
The STATE of Washington, Petitioner,
v.
Manuel Tom TOLIAS, Respondent.
No. 65234-1.
Supreme Court of Washington, En Banc.
Argued January 14, 1998.
Decided May 7, 1998.
*908 Jeffrey Sullivan, Yakima County Prosecutor, Lauri McIntire Boyd, Deputy County Prosecutor, Yakima, for Petitioner.
Moore & Royal, John A. Moore, Yakima, for Respondent.
Christine Gregoire, Attorney General, Maureen A. Hart, Assistant Attorney General, Olympia, Amicus Curiae on behalf of Attorney General.
Alan Kirtley, Julia Ann Gold, Seattle, Amicus Curiae on behalf of Alternative Dispute Resolution Section.
DOLLIVER, Justice.
The State petitioned for review of a Court of Appeals decision reversing the Defendant's assault conviction. State v. Tolias, 84 Wash.App. 696, 929 P.2d 1178 (1997). The Court of Appeals held the trial court should have disqualified the entire Yakima County Prosecutor's office from acting in this case because the elected prosecutor, Jeffrey Sullivan, pursued felony charges against the Defendant after unsuccessfully attempting to mediate the dispute that gave rise to the charges. The State argues disqualification is not warranted because the "mediation" was actually plea bargaining, and, in any event, it took place after charges had been filed. In the alternative, the State argues the record lacks necessary information regarding the alleged mediation. We agree with the latter argument and reverse the Court of Appeals.
In October 1990, Defendant Manuel Tolias and Sylvia Strang moved into a home located in an agricultural community near Tieton, Washington, in Yakima County. Their neighbors included Ben and Earlene Barnes, who asked the Defendant for permission to use an easement over his property in order to load and unload bins during the apple harvest. The Defendant granted them permission.
During the harvest of 1990, the Barneses tore the grass over the easement without repairing it. The Defendant mended it. In 1991, the Barneses again damaged the easement and the Defendant reseeded it. He then revoked permission to use the easement.
In the months that followed, the Defendant was involved in numerous verbal confrontations with the Barneses, who appeared to be waging a campaign of harassment against their neighbor. In addition to continuing to use the easement without the Defendant's permission, the Barneses left a load of lime, a leaking oil drum, and a trailer on the easement. Ms. Strang's garden was vandalized, the Defendant's snowmobile trailer was stolen, and the Barneses' adult son, Wes, was found drunk and tending a large fire on the easement while the Defendant was gone and Ms. Strang was home alone.
In mid-May 1993, the Defendant filed a report with the Yakima County Sheriff. He also made an appointment to meet with Yakima County Deputy Prosecuting Attorney James Swanner on June 4, 1993.
Deputy Prosecutor Swanner postponed the June 4 meeting, and on June 6 the Defendant found his garage spray-painted with graffiti and his driveway strewn with toilet paper. The Barneses' son drove by Ms. Strang, swearing at her as she worked outside.
The Defendant met with Deputy Prosecutor Swanner on June 11, 1993, and learned his situation would be difficult to prosecute, but Mr. Swanner would look into it and get back to him. On July 6, 1993, the Defendant called Mr. Swanner to check on the status of the case. Mr. Swanner then spoke with the Defendant and Ms. Strang about their other neighbors, the Ferneliuses, who had also suffered threats and harassment at the hands of the Barneses. Coincidentally, Mr. Fernelius *909 had just contacted Deputy Prosecutor Swanner on July 2, 1993. Mr. and Mrs. Fernelius soon called the Defendant and Ms. Strang and shared with them the entire story of their experiences with the Barneses. No action was taken at that time by the Yakima County Prosecutor's office.
On July 26, 1993, shortly after his discussion with the Ferneliuses, the Defendant saw what appeared to be motor vehicle lights crossing onto his property. Fearing it was Wes Barnes, the Defendant went outside to investigate. He quickly ascertained the drivers were Mr. and Mrs. Barnes, who were atop all-terrain vehicles. The Defendant admitted at trial that he pulled Mr. Barnes from his vehicle and challenged him to fight. In the ensuing altercation, Mr. Barnes suffered broken ribs and other injuries; Mrs. Barnes sustained a large bruise on her left hip.
The Yakima County Prosecuting Attorney's office filed a two-count information on January 27, 1994, charging the Defendant with second degree assault on Ben Barnes and third degree assault on Earlene Barnes.
Three months before trial, the Defendant moved, under RPC 3.7, to recuse the Yakima County Prosecutor's office because Deputy Prosecutor Swanner was named as a defense witness. In a hearing on the motion, the Defendant indicated Mr. Swanner would testify that the Defendant had contacted him regarding his problems with the Barneses, and that Mr. Swanner had given the Ferneliuses the Defendant's name. The State stipulated to these facts. The Honorable Michael Leavitt denied the motion, finding the proposed testimony was uncontested, so recusal was not required under RPC 3.7.
The purpose of the motion was to disqualify the Yakima County Prosecutor's office due to Mr. Swanner's involvement. However, the motion also stated in passing that, following the filing of criminal charges and a civil action, Jeffrey Sullivan, the elected prosecutor, acted as a "mediator." The Defendant stated Mr. Sullivan "met with all parties at their homes at various times, and discussed the case and the wider dispute. Mediation failed." Clerk's Papers at 41. At the hearing on the motion to recuse, there was no argument regarding the nature or propriety of the alleged attempts at mediation. In fact, the only mention, other than the written motion, was made by defense counsel when he stated:
It's about a year since [the assault] happened and it's a year where we've tried to resolve it through mediation and it hasn't worked. And I thank Mr. Sullivan as I have before for his efforts in trying to resolve this, but it didn't work.
Verbatim Report of Proceedings, Pretrial Mots., at 3. These are the only references to Mr. Sullivan's alleged role as a mediator.
Mr. Sullivan tried the case against the Defendant. At trial, Judge Leavitt granted the State's motion to exclude the testimony of Mr. and Mrs. Fernelius. Instead, Mr. Fernelius was allowed to remain in the courtroom while the Defendant testified as to what Mr. Fernelius had told him, and then to take the stand and affirm or deny that he had made those statements. Mr. Fernelius confirmed the Defendant's version of their conversations.
The trial court gave instruction 19, an aggressor instruction, over the Defendant's objection. The jury found the Defendant guilty of second degree assault on Ben Barnes and not guilty in the alleged assault on Earlene Barnes.
The Court of Appeals reversed the Defendant's conviction and remanded for a new trial, holding the trial court should have granted the Defendant's motion to recuse the Yakima County Prosecutor's office because the prosecution violated the appearance of fairness doctrine. State v. Tolias, 84 Wash. App. 696, 702, 929 P.2d 1178 (1997). The Court of Appeals assumed Mr. Sullivan was acting as mediator of a neighborhood dispute involving the Defendant, the Barneses, and the Ferneliuses. After mediation efforts failed, the court stated, "the Prosecutor personally prosecuted Mr. Tolias for assault." Tolias, 84 Wash.App. at 698, 929 P.2d 1178. To avoid the appearance of unfairness, Mr. Sullivan should have been precluded from prosecuting the case after attempting to mediate it. The Court of Appeals acknowledged the record did not reflect to what extent Mr. *910 Sullivan was involved in the mediation but quoted factual assertions contained in the Defendant's pro se brief as evidence of the prosecutor's mediation efforts. Tolias, 84 Wash.App. at 700, 929 P.2d 1178.
The Court of Appeals also held the trial judge did not abuse his discretion in excluding evidence of several of Mr. Barnes' specific acts and did not err in giving an aggressor instruction.
Mr. Sullivan's alleged attempts to "mediate" this case and any ongoing property disputes connected with it were not explored by the trial court. As stated previously, there are but two mentions of mediation to the trial court. The first is contained in the Defendant's motion to recuse the Yakima County Prosecutor's office on the grounds that Deputy Prosecutor Swanner was to be called as a defense witnessnot on the grounds that Mr. Sullivan had acted as mediator. The second occurred at the hearing on that motion and included defense counsel's thanks to Mr. Sullivan for his efforts. The Defendant never moved to disqualify Mr. Sullivan for attempting to mediate the dispute.
The next characterization of Mr. Sullivan's actions as mediation is contained in the Opening Brief of Appellant. The Defendant appealed the trial court's ruling regarding the motion to recuse, but with respect to the attempted mediation, stated only the following:
The Prosecutor's office was immersed in the conflicting roles of trusted counselor to Mr. Tolias, mediator to all, and, finally, as a most aggressive prosecutor of Mr. Tolias.
Opening Br. of Appellant at 44.
Finally, Mr. Sullivan's efforts to mediate are also mentioned in the Defendant's Pro Se Supplemental Brief, which stated:
After the incident Prosecutor Sullivan served as a mediator in the dispute with Tolias, Fernelius, and Barnes. After meeting with all families at their homes, to familiarize himself with all the issues, he convened the three families with counsel in the courthouse County Commissioners' hearing room. There he sat up on the bench, acting as a judge, after hearing all sides, and made his recommendations known. After that, when the cases did not resolve, and under pressure from the Barnes, Prosecutor Sullivan replaced Deputy [P]rosecutor Monter, who had investigated the incident since inception, (Approximately 7 months), with himself. Mr. Sullivan then charged me and proceeded to vigorously prosecute me with all the information gathered by his office as counsel/advisor, and mediator.
Pro Se Supplemental Br. of Appellant at 15-16.
It appears to have been this language alone which the Court of Appeals seized upon in making its determination that Mr. Sullivan's acts created an appearance of unfairness. However, there are virtually no facts in the record which explain the substance of Mr. Sullivan's mediation efforts, let alone any indication those efforts were ever characterized as improper before the trial court.
Issues not raised in the trial court will normally not be considered for the first time on appeal. State v. Scott, 110 Wash.2d 682, 685, 757 P.2d 492 (1988); State v. Wicke, 91 Wash.2d 638, 591 P.2d 452 (1979). An exception is made for constitutional errors. Scott, 110 Wash.2d at 686-87, 757 P.2d 492; RAP 2.5(a)(3). However, the Defendant does not argue Mr. Sullivan's alleged role as mediator, or the appearance of unfairness created thereby, implicates constitutional rights. An appearance of fairness objection has been deemed waived when not raised in the trial court. State v. Hoff, 31 Wash.App. 809, 814, 644 P.2d 763, review denied, 97 Wash.2d 1031, cert. dismissed, 459 U.S. 1093, 103 S.Ct. 583, 74 L.Ed.2d 942 (1982) (quoting State v. Bolton, 23 Wash.App. 708, 714-15, 598 P.2d 734 (1979)).
A waiver analysis is appropriate in this case because the record does make clear that Defendant had ample opportunity to raise the issue but apparently decided to forgo it. His attorney thanked Mr. Sullivan for his "efforts in trying to resolve this" at the hearing on the motion to recuse. Verbatim Report of Proceedings, Pretrial Mots., at 3. That hearing took place three months before trial and a year after the events which culminated *911 in the Defendant being charged with assault.
Even if we were to find Defendant's passing mention of mediation in the court below was sufficient to raise the issue, it nevertheless concerns matters outside the record and consequently cannot be considered on appeal. We are unable to determine the merits on the record before us. Review of this issue should be accomplished only through a properly supported personal restraint petition timely brought.
The implications, however vague, of Defendant's contentions regarding Mr. Sullivan's mediation and subsequent prosecution may be troubling. But that alone does not cure the defective record, or the dearth of substantive information about the nature or context of Mr. Sullivan's alleged mediation. This case is a good example of the policy behind the rule that issues not raised in the trial court will not be considered on appeal: It is impossible to determine, without specific facts and testimony, whether Mr. Sullivan truly acted as a "mediator" or was engaging in discovery or plea negotiations in his capacity as a prosecuting attorney.
The Court of Appeals simply did not have enough information to deduce that Mr. Sullivan was acting as a mediator. The Court of Appeals correctly held the trial court did not abuse its discretion in excluding testimony and properly instructed the jury. The Defendant's conviction is affirmed.
SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.