[No. 39190-9-I.    Division One.    March 30, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. MARCO DEON BLAND, *Appellant*.

*James R. Dixon* of *Nielsen, Broman & Associates, P.L.L.C.*; and *Fran-Michelle Reichert,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Foerschler, Deputy,* for respondent.

AGID, J. — Marco Bland appeals his conviction for attempted rape in the first degree. He contends the King County Prosecutor's office should have been disqualified from his prosecution because a deputy prosecutor testified as a State witness. We hold that the office was not disqualified because the prosecutor was not personally involved in the case and did not testify in her capacity as a deputy prosecutor. Therefore, we affirm.

## FACTS

T.F. was driving home in the early morning hours of October 14, 1995, when a man standing at the corner of 25th and Jackson Streets in Seattle yelled to her and caught her attention. She rolled down her window, and he approached her car. He told her that he knew her father and engaged her in conversation for a short time. The man then reached in the open window, unlocked the door and got in the car. He told her he needed a ride to his grandfather's house. When she refused to drive him there, he grabbed her by the neck and began choking her until she complied.

After she drove a few blocks, he told her to stop the car and started choking her again. He pulled her out of the car, pushed her to the ground and continued to choke her. T.F. went in and out of consciousness during the ordeal but felt

him pull her pants and shoes off. She continued to struggle with him as he tried to rape her. He soon stopped fighting with her and demanded her car keys. When she could not find them, he got up and walked away. T.F. put her clothes back on and flagged down a passing motorist who took her to a pay phone to call the police.

T.F. was taken to Harborview Hospital where she was examined in the emergency room and interviewed by social worker Robin Fox. Fox is also a deputy prosecuting attorney with the King County Prosecutor's office. Fox testified at trial that T.F. was visibly shaken and frightened when she arrived at the hospital.

On October 23, T.F. and a freelance composite artist completed a sketch of the man who attacked her. The police department distributed copies of the sketch and received Marco Bland's name as a suspect. Based on this information, the police department put together a photo montage including a photograph of Bland. T.F. immediately identified Bland. He was arrested and charged with attempted rape in the first degree. After a trial, a jury found him guilty as charged.

## DISCUSSION

Bland contends the King County Prosecutor's office should have been disqualified because Fox testified as a State witness. Under RPC 3.7, the advocate-witness rule, a lawyer may not act as an advocate in a trial in which another lawyer from the same firm is likely to testify because there are difficulties in cross-examining or impeaching an interested witness and the roles of advocate and witness are inherently inconsistent.[1] The State first argues that rule does not apply to attorneys in the prosecutor's office

---

[1] RPC 3.7 provides:

A lawyer shall not act as advocate at a trial in which the lawyer or another lawyer in the same law firm is likely to be a necessary witness except where:

(a) The testimony relates to an issue that is either uncontested or a formality;

because it is not a "law firm" as defined in the rule.[2] A law firm is "a lawyer or lawyers in a private firm, lawyers employed in the legal department of a corporation or other organization and lawyers employed in a legal services organization."[3] While it is not specifically mentioned, nothing in this definition precludes inclusion of the prosecutor's office. To do so would exclude that office from the operation of other rules such as RPC 1.10, imputed disqualification, and RPC 1.12, the former judge rule. We do not believe this was the intent of the drafting committee. Therefore, we agree with Bland that RPC 3.7 applies to public law offices such as the prosecutor's office.

■■ But we reject his contention that the rule mandates disqualification of the entire office in this case. A deputy prosecutor does not represent a "client" in the traditional sense, and the deputy has no financial interest in the outcome of the case.[4] Therefore, a more flexible application of the RPCs is appropriate where a public law office is concerned. Trial courts should consider whether the testifying deputy can be an objective witness, whether the dual positions artificially bolster the witness's credibility or make it difficult for the jury to weigh the testimony, and whether the dual role raises an appearance of unfairness.[5] If, after considering those factors, the court concludes the defendant will not be prejudiced, it need not order disquali-

---

(b) The testimony relates to the nature and value of legal services rendered in the case; or

(c) The lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate; or

(d) The trial judge finds that disqualification of the lawyer would work a substantial hardship on the client and that the likelihood of the lawyer being a necessary witness was not reasonably foreseeable before trial.

[2]*See People ex rel. Younger v. Superior Court*, 86 Cal. App. 3d 180, 194, 150 Cal. Rptr. 156 (1978).

[3]RPC's "Terminology."

[4]*See State v. Stenger*, 111 Wn.2d 516, 522-23, 760 P.2d 357 (1988) (recognizing the different roles of the public prosecutor and private lawyer).

[5]*People v. Janes*, 486 N.E.2d 317, 323 (Ill. App. Ct. 1985).

fication. But if the deputy is personally involved in prosecuting the case or has another personal interest which would raise a conflict of interest or appearance of unfairness, the office should be disqualified, and the trial court should appoint a special prosecutor for the case.

Applying those considerations to this case, we agree with the trial court that disqualification was not necessary. Most importantly, Fox did not testify as a prosecutor. Thus, there was little chance that her dual role would create an appearance of unfairness. Because she testified only in her capacity as a social worker, she had no special personal interest stemming from her work with the prosecutor's office. If Bland was concerned that the dual position could affect Fox's objectivity as a witness, his remedy was effective cross-examination. In sum, because Bland could not establish that Fox had any personal interest in this case and she did not testify in her capacity as a prosecutor, the policy underlying RPC 3.7 was not violated and disqualification of the entire office was not necessary.

The remainder of this opinion has no precedential value and will not be published in the Washington Appellate Reports but will be filed for public record in accordance with the rules governing unpublished opinions.

COLEMAN and BECKER, JJ., concur.

Review denied at 136 Wn.2d 1028 (1998).