102 P.3d 856 (2004)
STATE of Washington, Appellant,
v.
Lawrence Sylvester SCHMITT, Respondent.
No. 29928-3-II.
Court of Appeals of Washington, Division 2.
December 14, 2004.
*857 Randall Avery Sutton, Kitsap Co Prosecutor's Office, Port Orchard, WA, for Respondent.
Clayton Ernest Longacre, Attorney at Law, Port Orchard, WA, for Appellant.
HOUGHTON, J.
The State appeals a trial court ruling disqualifying not only a deputy prosecuting attorney but also the entire Kitsap County prosecutor's office from prosecuting charges against Lawrence Schmitt. We affirm in part, reverse in part, and remand for further proceedings.

*858 FACTS
On June 16, 2002, Doris Lagenour, Schmitt's neighbor, called 911 dispatch complaining that Schmitt had threatened to shoot her dogs if he caught them killing his geese. Kitsap County Sheriff's Deputy Ben Herrin interviewed Lagenour by telephone after the incident. The deputy did not file a report after that interview.[1] In later testimony, he asserted that during the initial telephone call, Lagenour complained only about Schmitt's threat against her dogs.[2]
On June 17, Lagenour called Kitsap County Deputy Prosecutor Jennifer Forbes and left a message. Lagenour obtained Forbes's name and telephone number from a neighbor, Anthony Fellis. Fellis knew Forbes because she prosecuted Schmitt for assaulting Fellis.[3]
On June 17, Forbes called Lagenour, who told Forbes that Schmitt had threatened to shoot her and her dogs. Forbes checked the sheriff's office files and learned that Herrin did not file an incident report after his investigation. Forbes contacted the deputy and told him that she was handling a felony assault charge against Schmitt and that the facts Lagenour relayed to her were similar to Lagenour's actions against Fellis.
According to Herrin, Forbes sent an email to his sergeant advising him that Forbes had additional information about Schmitt. Forbes denied sending the email.
After his sergeant talked with him, Herrin called Lagenour on June 18 and she told him that Schmitt had threatened to shoot her and her dogs. This time Herrin prepared a written report. In it, he did not refer to his first investigation or to the 911 call.
The deputy called Schmitt again. Schmitt denied threatening harm to Lagenour. Nevertheless, Herrin found probable cause to arrest Schmitt.
Schmitt moved to disqualify Forbes from prosecuting charges against him. Schmitt argued that Forbes investigated the case and would serve as a material witness.[4]
The trial court disqualified Forbes because she had material knowledge directly relevant to the core issue of the action and because she was a necessary witness under RPC 3.7. The trial court reserved ruling on the admissibility of Forbes's testimony. After reviewing State v. Bland, 90 Wash.App. 677, 953 P.2d 126, review denied, 136 Wash.2d 1028, 972 P.2d 465 (1998), the trial court also disqualified the entire prosecutor's office because Forbes had personal involvement with Schmitt's prosecution.
After the trial court denied its motion for reconsideration, we granted the State's motion for discretionary review.

ANALYSIS

Order Disqualifying Forbes
The State first contends that the trial court erred when it disqualified Forbes as a necessary witness under RPC 3.7. It asserts that she was not a necessary witness because others could testify in her place. And it argues that her testimony would be inadmissible anyway.[5]
We review the question of whether to disqualify an attorney under the abuse of discretion standard. Pub. Util. Dist. No. 1 (PUD) v. Int'l Ins. Co., 124 Wash.2d 789, 812, 881 P.2d 1020 (1994). A trial court abuses its discretion when it bases its decision on untenable grounds or untenable reasons. State v. Stenson, 132 Wash.2d 668, 701, 940 P.2d 1239 (1997), cert. denied, 523 U.S. 1008, 118 S.Ct. 1193, 140 L.Ed.2d 323 (1998).
*859 The trial court ruled that Forbes was a material witness and RPC 3.7, the witness-advocate rule, applied. RPC 3.7 provides:
A lawyer shall not act as advocate at a trial in which the lawyer or another lawyer in the same law firm [[6]] is likely to be a necessary witness except where:
(a) The testimony relates to an issue that is either uncontested or a formality;
(b) The testimony relates to the nature and value of legal services rendered in the case; or
(c) The lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate; or
(d) The trial judge finds that disqualification of the lawyer would work a substantial hardship on the client and that the likelihood of the lawyer being a necessary witness was not reasonably foreseeable before trial.
Generally, a court should not disqualify an attorney absent compelling circumstances. PUD, 124 Wash.2d at 812, 881 P.2d 1020. To demonstrate compelling circumstances, a party must show that the attorney will provide material evidence unobtainable elsewhere.[7]PUD, 124 Wash.2d at 812, 881 P.2d 1020.
Here, Schmitt told the trial court that he planned to use Forbes's testimony to show that Lagenour's allegations against him did not include threats against her until after Forbes spoke to her. As such, he asserts, Forbes's testimony was material to the charges against him and the information was not obtainable elsewhere.
In ruling, the trial court opined that Forbes's testimony was material, unobtainable elsewhere, and key to the defense's theory. It also made note of Lagenour's differing accounts of Schmitt's threats and that the account changed after Forbes spoke with Lagenour. The trial court further noted that this will "put the State in the position where it's acting both as a witness trying to persuade the jury as to a particular set of factual events and also an advocate for this set of factual events. This is exactly the circumstance that rule 3.7 is designed to avoid." Clerk's Papers at 80. We agree. Although under these facts it is a close call, we cannot say that the trial court abused its broad discretion in so ruling.

Order Disqualifying the Kitsap County Prosecutor's Office
The State further contends that the trial court erred in disqualifying the entire Kitsap County prosecutor's office. It asserts that the court abused its discretion in disqualifying the office because Forbes prosecuted the case against Schmitt.
In disqualifying the entire prosecutor's office, the trial court noted that "Ms. Forbes has been personally involved in prosecuting the case" and that the facts were similar to those in Bland. Clerk's Papers at 79. In Bland, the trial court declined to disqualify the entire prosecutor's office where a social worker who treated the attempted rape victim also served as a deputy prosecutor. In Bland, Division One affirmed the trial court, noting that although the social worker testified at trial in that capacity, she did not act as a deputy prosecuting attorney and, thus, her testimony did not violate the spirit of RPC 3.7. 90 Wash.App at 678-81, 953 P.2d 126.
Here, the trial court apparently relied on Bland's language that where a deputy prosecuting attorney is personally involved in prosecuting a defendant or has another personal interest that would raise a conflict of interest,[8] the office should be disqualified and *860 a special prosecutor appointed. 90 Wash.App. at 681, 953 P.2d 126.
But our Supreme Court previously reached a different conclusion in State v. Stenger, 111 Wash.2d 516, 760 P.2d 357 (1988). There, our Supreme Court held that where the elected prosecuting attorney
has previously personally represented the accused in the same case or in a matter so closely interwoven therewith as to be in effect a part thereof, the entire office of which the prosecuting attorney is the administrative head should ... be disqualified from prosecuting the case and a special deputy prosecuting attorney appointed.
Stenger, 111 Wash.2d at 522, 760 P.2d 357.[9]
The Stenger court went on to distinguish between the effect of disqualifying the elected prosecuting attorney and a deputy prosecuting attorney. Whereas particular facts may require disqualifying an entire office based on the elected prosecutor's previous involvement in a case, the same action does not follow from a deputy's involvement and disqualification. Stenger, 111 Wash.2d at 522-23, 760 P.2d 357. In that instance, where the deputy can be "effectively screened and separated from any participation or discussion of matters concerning which the deputy prosecuting attorney is disqualified, then the disqualification of the entire prosecuting attorney's office is neither necessary nor wise." Stenger, 111 Wash.2d at 523, 760 P.2d 357.
We decline to apply the reasoning in Bland[10] rather than in our Supreme Court's holding in Stenger, 111 Wash.2d at 522, 760 P.2d 357.[11] Following Stenger, we note that it is neither wise nor prudent to disqualify the entire prosecutor's office here. Thus, we hold that the trial court abused its discretion in doing so here.
Affirmed in part, reversed in part, and remanded for further proceedings.
We concur: HUNT, J., and QUINN-BRINTNALL, C.J.
NOTES
[1] Under RCW 16.08.020, one may kill a domestic pet that kills livestock.
[2] On the 911 tape, Lagenour also refers only to Schmitt's threat against her dogs.
[3] A jury acquitted Schmitt of the assault charge.
[4] Schmitt also argued that Forbes's involvement violated the appearance of fairness doctrine. The parties agree that the appearance of fairness doctrine does not apply to this appeal. State v. Finch, 137 Wash.2d 792, 809, 975 P.2d 967, cert. denied, 528 U.S. 922, 120 S.Ct. 285, 145 L.Ed.2d 239 (1999).
[5] As noted, the trial court did not rule on the admissibility of Forbes's testimony after finding that she was a necessary witness. Instead, it reserved its evidentiary ruling for trial.
[6] The prosecutor's office is a "law firm" under the RPC. Bland, 90 Wash.App. at 680, 953 P.2d 126.
[7] The third factor, that testimony may prejudice the attorney's client is not relevant here.
[8] As an additional reason to appoint a special prosecutor, the Bland court stated that a deputy prosecuting attorney may have a personal interest that gives rise to the appearance of unfairness. 90 Wash.App. at 681, 953 P.2d 126. In Finch, however, our Supreme Court held that the appearance of fairness doctrine applies only to judicial or quasi-judicial decision makers, not prosecutors acting as advocates. 137 Wash.2d at 808-09, 975 P.2d 967.
[9] Although Stenger involved the application of RPC 1.9(a) and RPC 1.11, not RPC 3.7, we do not perceive an applicable distinction here.
[10] We question the Bland court's application of Stenger and note that the language at issue is dicta and should be distinguished on that basis.
[11] We need not follow the decisions of other divisions of this court. McClarty v. Totem Elec., 119 Wash.App. 453, 469 n. 8, 81 P.3d 901 (2003). But we must follow our Supreme Court's decisions. State v. Hairston, 133 Wash.2d 534, 539, 946 P.2d 397 (1997).