[No. 59064-2-I.   Division One.   March 17, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTINA S. OROZCO, *Appellant*.

*Jon T. Scott* (of *Scott & Howard*), for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Thomas M. Curtis* and *Lisa D. Paul, Deputies,* for respondent.

¶1 PER CURIAM — Christina Orozco appeals her conviction for stalking. She argues that the trial court erred by refusing to disqualify the Snohomish County Prosecutor's Office (Prosecutor's Office) because one of its attorneys assisted her victim in obtaining a civil antiharassment order. She fails to properly raise any relevant Washington rule, statute, or case to support her claim that a prosecutor's office cannot assist a county employee in obtaining a civil antiharassment order against another county employee and then later prosecute the offending employee criminally without creating an impermissible conflict of interest. We affirm.

## FACTS

¶2 Orozco harassed and stalked Tina Rogers. Both women worked for Snohomish County (County) when the

harassment began. Much of this harassment occurred at Rogers' workplace and involved disseminating information that impugned her reputation as a county employee. Rogers sought and obtained a civil antiharassment order with the help of the civil division of the Prosecutor's Office. In addition to prosecuting crimes, the Prosecutor's Office is also charged with providing legal advice to and representing the County in civil proceedings.[1] Although the County was not a party to the civil antiharassment order proceedings, it was in its capacity as attorney for the County that the Prosecutor's Office assisted Rogers, a county employee experiencing harassment at and related to her work. When Orozco continued to harass and stalk Rogers, the criminal division of the Prosecutor's Office charged her with stalking and later amended the charge to include certain aggravating factors. Although two different attorneys from two different divisions of the Prosecutor's Office handled the civil and criminal matters, Orozco moved to disqualify the Prosecutor's Office, alleging a violation of RPC 3.8 based on a conflict of interest. The trial court denied that motion, finding no actual or potential conflict of interest. A jury convicted Orozco, and the court sentenced her to 9 months in jail and 240 hours of community service.

## DISCUSSION

¶3 Orozco contends the trial court erred in refusing to disqualify the Prosecutor's Office and in finding that there was no conflict of interest that precluded it from proceeding against her criminally for stalking Rogers after it had assisted Rogers in obtaining a civil antiharassment order against her. We disagree.

¶4 We review a decision not to disqualify an attorney for an abuse of discretion.[2] A trial court abuses its

---

[1] RCW 36.32.020.

[2] *State v. Schmitt*, 124 Wn. App. 662, 666, 102 P.3d 856 (2004) (citing *Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co.*, 124 Wn.2d 789, 812, 881 P.2d 1020 (1994)).

discretion when it makes a decision based on untenable grounds or for untenable reasons.[3] We review a determination about whether a conflict of interest exists de novo because it is a question of law.[4] Generally, when a trial court applies the law incorrectly, it abuses its discretion.[5]

¶5 Orozco argues that the Prosecutor's Office could not prosecute her after its civil division assisted her victim in obtaining a civil antiharassment order without violating its duty of impartiality under RPC 3.8. But a prosecutor has no duty of impartiality under RPC 3.8. The term "impartial" appears nowhere in the text of or comments to RPC 3.8. And the Washington Supreme Court has quoted a United States Supreme Court decision to explain that prosecutors are neither expected nor required to be completely impartial:

> The Court observed that, unlike judges, "[p]rosecutors need not be entirely 'neutral and detached,'" and may be rewarded for initiating and carrying out prosecutions in the name of the people. As such, they "are necessarily permitted to be zealous in their enforcement of the law." Although the constitution prevents prosecutors from making decisions that are "motivated by improper factors or . . . contrary to law. . . [, t]he strict requirements of neutrality cannot be the same for . . . prosecutors as for judges . . . ."[6]

The trial court properly ruled that the prosecutor's actions did not violate RPC 3.8.[7]

---

[3] *Id.* (citing *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998)).

[4] *State v. Vicuna*, 119 Wn. App. 26, 30, 79 P.3d 1 (2003) (quoting *State v. Ramos*, 83 Wn. App. 622, 629, 922 P.2d 193 (1996)), *review denied*, 152 Wn.2d 1008 (2004).

[5] *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007) (citing *State v. Kinneman*, 155 Wn.2d 272, 289, 119 P.3d 350 (2005)).

[6] *State v. Finch*, 137 Wn.2d 792, 810, 975 P.2d 967 (alterations in original) (citations omitted) (quoting *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248-50, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980)), *cert. denied*, 528 U.S. 922 (1999).

[7] Orozco also cites *Berger v. United States* to support her claim that a prosecutor has a duty of impartiality. 295 U.S. 78, 55 S. Ct. 629, 79 L. Ed. 1314 (1935). But *Berger* is not a conflict of interest case. *Berger* discusses the duty of a prosecutor to refrain from making improper comments about the evidence and suggesting

■ ¶6 Orozco cites one Pennsylvania case to suggest that this situation presents an actual conflict of interest, and that case is distinguishable. In *Commonwealth v. Eskridge*, the Pennsylvania Supreme Court held that there was an actual conflict of interest when a prosecuting attorney's private law firm pursued a negligence case arising out of an automobile accident in which the defendant driver had been prosecuted criminally for his role in the accident.[8] Clearly, a conflict of interest arose there because the prosecuting attorney, as a partner in the law firm, would benefit financially from a conviction that could be used as proof in the civil case. A later Pennsylvania case, holding that no conflict of interest exists when the prosecuting attorney has no personal stake in the outcome of a criminal proceeding, explained that *Eskridge* is limited to situations where the prosecuting attorney has a "direct financial interest in the outcome of a prosecution."[9] Here the prosecuting attorney had no financial or personal stake in the outcome of the criminal case. Neither the Prosecutor's Office nor the civil and criminal deputies received extra remuneration for taking the civil case. And, because the civil antiharassment order was obtained before the criminal charge, a successful prosecution would have no effect on the outcome of the civil case. Consequently, we hold there was no actual conflict of interest.

■■ ¶7 Finally, in her reply brief, Orozco argues for the first time that the prosecuting attorney's conduct violates RCW 36.27.050. But RAP 2.5(a) limits our review to issues the trial court had an opportunity to consider.[10] An issue raised for the first time in a reply brief is generally too late

---

that he has personal knowledge of facts not in evidence that would tend to inculpate the defendant. *Id.* at 88.

[8] 529 Pa. 387, 604 A.2d 700, 701 (1992).

[9] *Commonwealth v. Lutes*, 2002 Pa. Super 51, 793 A.2d 949, 956 (2002).

[10] *See Almquist v. Finley Sch. Dist. No. 53*, 114 Wn. App. 395, 401-02, 57 P.3d 1191 (2002), *review denied*, 149 Wn.2d 1035 (2003).

to warrant consideration.[11] We decline to consider her RCW 36.27.050 argument.

¶8 We affirm.

Review denied at 165 Wn.2d 1005 (2008).

---

[11] *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).