# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 67875-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KELSEY MARIE JOHNSON, | ) | |
| Defendant, | ) | |
| and | ) | |
| KEITH THOMAS BLAIR, and each of them, | ) | FILED: October 14, 2013 |
| Appellant. | ) | |

GROSSE, J. — Under the Sixth Amendment, defendants have a qualified right to choose retained counsel. In the event of a conflict with counsel, the defendant must be afforded an opportunity to waive that conflict. Here, the trial court disqualified the defendant's attorney because the attorney was a witness to the crime for which the defendant was charged. However, the attorney was not a necessary witness and the State now concedes that the trial court's reason for disqualification was erroneous. Nonetheless, the State argues that the attorney had a serious potential conflict of interest under Rules of Professional Conduct (RPC) 1.7 and therefore the disqualification was proper. However, the potential conflict issue was not argued below and we will not now consider it. Because the defendant was not afforded an opportunity to waive any potential conflict of interest, we reverse and remand.

## FACTS

The State charged Keith Blair with first degree trafficking in stolen property, residential burglary, and two counts of second degree possession of stolen property. Blair retained attorney John Muenster, replacing his court appointed counsel, Simon Stocker. By amended information, the State charged Blair with nine counts of residential burglary and two counts of firearm theft. The State notified Muenster of its intent to add a money laundering charge, the basis of which was that Muenster was paid with money stolen during the burglary. The State informed Muenster that if Blair provided proof that the money came from a legitimate source by February 1, 2011, the State would not move to amend.

On February 4, 2011, the State moved to amend the information and submitted a motion to disqualify Muenster, pursuant to RPC 3.7 and Mannhalt v. Reed,[1] which held that an actual conflict of interest exists where an attorney is accused of crimes similar or related to his client. Because Muenster had no prior notice of the motion to disqualify, the presiding judge set the matter over to the following week.

On March 2, 2011, Judge Theresa Doyle heard the motion to disqualify Muenster and the State's motion to amend the information. The trial court found there were no grounds under the RPC's to disqualify Muenster as Blair's counsel. Further, the court determined that Muenster was not a necessary witness in the laundering charge, ruling:

> [T]he State is asking me to disqualify Mr. Muenster as counsel of record. First of all, I question -- I don't see that he's a necessary

---

[1] 847 F.2d 576 (9th Cir. 1988).

witness. I mean apart from all the Sixth Amendment and other constitutional issues that this motion raises, I don't see even that the basic requirement of disqualification under the, I think it's the RPC's, is met here.

The State agreed with the trial court's ruling that Muenster was not a witness, but nonetheless continued to argue that the court should ask Blair to waive any potential conflict that might exist with regard to Muenster serving as his counsel for the money laundering charge. The State argued that it was not really seeking disqualification, but rather a waiver from the defendant to preclude any appeal he might have based on any potential conflict. Judge Doyle denied the motion to disqualify. Even after the court denied the State's motion, the prosecutor continued to contend that there was a potential conflict and again asked that the court disqualify Muenster. At the same time the State requested the court disqualify Muenster, it asserted that this conflict would not necessarily remove Muenster from acting as Blair's attorney because Blair could waive any conflict. The court granted the motion to amend and again denied the motion to disqualify. It did not rule on the waiver issue.

On March 14, 2011, defense moved to dismiss the money laundering charge or to sever the count from the remaining charges. Blair argued that this was the first time the State had used payment of attorney fees as a basis for a money laundering charge under RCW 9A.83.020. The court requested additional briefing. On March 30, 2011, the court severed the money laundering charge from the other charges.

Judge Doyle subsequently determined that a criminal defendant did not have the right to retain an attorney with stolen funds, reconsidered her prior

3

ruling, and granted the State's motion to disqualify Muenster under RPC 3.7, ruling that Blair was a necessary witness.

Simon Stocker, the previously replaced attorney of record, was appointed to represent Blair on the money laundering charge.[2] The jury found Blair guilty of money laundering.

ANALYSIS

Blair appeals, arguing that he was denied his Sixth Amendment right to counsel when the trial court erroneously disqualified his attorney. The Sixth Amendment provides a defendant in a criminal prosecution the right to assistance of counsel. A defendant does not have an absolute right under the Sixth Amendment to counsel of his or her choice.[3] However, a defendant's right to choose one's retained counsel is independent of the right to competent counsel. In United States v. Gonzalez-Lopez,[4] the Supreme Court held that where a defendant retains counsel, the Sixth Amendment encompasses the right to counsel of his choice. The right to counsel of choice "commands, not that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be best."[5]

> Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant

---

[2] Muenster continued to represent Blair who was convicted of 13 of the 14 counts, including the burglary that allegedly garnered the funds used to pay Muenster.
[3] State v. Stenson, 132 Wn.2d 668, 733, 940 P.2d 1239 (1997)).
[4] 548 U.S. 140, 148, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006).
[5] Gonzalez-Lopez, 548 U.S. at 146.

4

is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.[6]

However, such a right is not absolute and where the court finds an actual or potential conflict of interest, it may decline a waiver of such a conflict and remove the attorney.[7] There is a presumption in favor of a defendant's right to choose counsel and that presumption must be overcome by either an actual conflict or "a showing of a serious potential for conflict."[8]

Under RPC 3.7, a lawyer generally cannot act as an advocate in a trial in which the lawyer is a necessary witness.[9] A breach of the rule may prevent a fair trial, entitling a defendant to a new trial.[10] This court reviews a decision to disqualify an attorney for an abuse of discretion.[11] A determination about whether a conflict of interest exists is a question of law and is reviewed de

---

[6] Gonzalez-Lopez, 548 U.S. at 148.
[7] Wheat v. U.S., 486 U.S. 153, 162-63, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988).
[8] Wheat, 486 U.S. at 164.
[9] RPC 3.7 provides:
    **(a)** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case;
    (3) disqualification of the lawyer would work substantial hardship on the client; or
    (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate; or
    **(b)** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
[10] State v. Nation, 110 Wn. App. 651, 659, 41 P.3d 1204 (2002).
[11] Public Util. Dist. No.1 v. Int'l Ins. Co., 124 Wn.2d 789, 812, 881 P.2d 1020 (1994); State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997) (A trial court abuses its discretion when it makes a decision based on untenable grounds or for untenable reasons.)

novo.[12] Courts are reluctant to disqualify an attorney under RPC 3.7 and require that the motion for disqualification "'be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client.'"[13]

Here, citing RPC 3.7, the trial court disqualified Muenster from acting as attorney in the money laundering charge because Muenster was a necessary witness as the recipient of stolen funds. There are no other findings supporting this disqualification. The State concedes that RPC 3.7 was not a basis for disqualification. The record here demonstrates that the State never intended to call Muenster as a witness, he was not a necessary witness, and, in fact, he was not called as a witness.

Nevertheless, the State argues that this court should affirm because the record establishes a serious potential for a conflict of interest under RPC 1.7. Under RPC 1.7(a)(2), a lawyer shall not represent a client if "there is a significant risk that representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." The State contends that because Muenster was involved in receiving and retaining stolen funds, there was a conflict of interest.

Below and on appeal, the State cites Mannhalt v. Reed[14] to support Muenster's disqualification. In Mannhalt, the Ninth Circuit Court of Appeals held that an actual conflict of interest existed where an attorney was accused of

---

[12] State v. Orozco, 144 Wn. App. 17, 20, 186 P.3d 1078 (2008).

[13] Public Util. Dist. No.1, 124 Wn.2d at 812 (quoting Cottonwood Estates, Inc. v. Paradise Builders, Inc., 128 Ariz. 99, 105, 624 P.2d 296 (1981)).

[14] 847 F.2d 576 (9th Cir. 1988).

crimes related to those of his client.[15] But <u>Mannhalt</u> is distinguishable. There, defense counsel's personal interests were conclusively shown to be at odds with those of the defendant during the time of representation because he was accused of a crime similar or related to those of the defendant at the time. Here, there is no such accusation. Moreover, here, the State argued that if there was a conflict, Blair could waive it. Because the trial court did not inquire into whether there was a potential conflict or whether Blair would waive it, Blair was denied his choice of counsel.

Further, the record here does not support the State's claim of an actual or potential conflict of interest that would adversely affect the attorney's performance. The State's reliance on <u>Government of Virgin Islands v. Zepp</u>[16] and <u>United States v. Fulton</u>[17] is misplaced.

In <u>Zepp</u>, the defendant was charged with possession of controlled substances and destruction of evidence. Police who had surrounded the defendant's home heard a toilet flushing. At the time, the defendant and her attorney were the only occupants of the house and police recovered cocaine from the septic tank. The attorney stipulated to the fact that he was not the person who had flushed the toilet. The Third Circuit Court of Appeals found that the attorney's stipulation deprived the defendant of her constitutional right to counsel. Because only one of two people could have flushed the toilet, the <u>Zepp</u> majority concluded that counsel's stipulation placed him in the irreconcilable

---

[15] <u>Mannhalt</u>, 847 F.2d at 581.
[16] 748 F.2d 125, 136 (3rd Cir. 1984)
[17] 5 F.3d 605 (2nd Cir. 1993).

position of defending Zepp while simultaneously attempting to exculpate himself from criminal liability, resulting in "a total abandonment of the loyalty which counsel owes his client."[18] Unlike in Zepp, the circumstances here did not leave Muenster with any interest in exculpating himself at odds with his duty to defend Blair. If anything, their interests were aligned.

In Fulton, in the middle of trial, it was discovered that the defendant's counsel had been named by a government witness as one who was trafficking heroin himself and had received heroin that had been smuggled in by the defendant's co-conspirator. The defendant waived the conflict, but the court found that the conflict was not subject to waiver because the attorney's fear of implicating himself would prevent the defendant from receiving a vigorous defense.[19] Unlike Fulton, counsel here would not be in fear of implicating himself as the State admits that there is no evidence that Muenster committed a crime. The State argues that a potential conflict has somehow morphed into a per se violation of the RPCs, necessitating counsel's removal. This, however, cannot be reconciled with the State's argument below where it sought only an opportunity for Blair to waive any potential conflict.

Here, even if the trial court had inquired into whether there was a possible conflict, the defendant could have waived the conflict.[20] Because the defendant

---

[18] Zepp, 748 F.2d at 138.
[19] Fulton, 5 F.3d at 612-13.
[20] See United States v. Lopesierra-Gutierrez, 708 F.3d 193, 202 (D.C. Cir. 2013) (conflict of interest resulting from alleged receipt of laundered funds can be waived).

was not afforded such an opportunity, he was denied his Sixth Amendment right to counsel of his choice.

Because we reverse on the issue presented in this appeal, we need not and do not consider issues raised by Blair in his statement of additional grounds.

Reversed and remanded.

WE CONCUR: