IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| SHEILA PATRICE ANDERSON, | ) | No. 82780-4-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SWEDISH HOSPITAL, a Washington state health care corporation, and JENS CHAPMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

VERELLEN, J. — Sheila Anderson challenges the trial court's grant of Swedish Hospital's motion to disqualify her counsel under RPC 3.7(a). RPC 3.7(a) provides that a lawyer cannot represent a client where the lawyer is a "necessary witness" in the client's case. Because Anderson's counsel was the only witness to some of the events necessary to establish her medical malpractice and lack of informed consent claims, the court did not abuse its discretion in disqualifying her counsel.

Anderson also challenges the court's denial of her motion to continue the summary judgment hearing. But because Anderson provided no meaningful analysis of the CR 56(f) factors, the court did not abuse its discretion in denying Anderson's motion.

Finally, Anderson challenges the court's grant of summary judgment in favor of Swedish. But because Anderson failed to provide an expert witness in

support of her medical malpractice and lack of informed consent claims, summary judgment was proper.

Therefore, we affirm.

FACTS

Between October 14 and November 10, 2016, Sheila Anderson had four surgeries at Swedish Hospital "to correct severe scoliosis and associated complications."[1]  Dr. Jens Chapman performed the second, third, and fourth stages of surgery.[2]

In November 2020, Anderson filed a complaint against Swedish Hospital and Dr. Chapman alleging medical malpractice and lack of informed consent. Anderson asserted that Dr. Chapman "failed to perform/complete the surgery as agreed/explained to [her], nor exercise the appropriate level of care resulting in irreversible damage to [her] spinal cord, and cause other undue harm."[3]

Anderson's daughter, Christal Irwin, an attorney admitted to practice in Washington state, was Anderson's attorney-in-fact under a power of attorney, as well as Anderson's counsel.  During Anderson's hospital stay, Irwin witnessed Dr. Chapman chip Anderson's tooth during intubation.  Irwin admitted to feeding Anderson a snack during an NPO[4] period, resulting in a delay of a time sensitive

---

[1] Clerk's Papers (CP) at 2.

[2] CP at 84.  Anderson's claims of medical malpractice and lack of informed consent only relate to the second, third, and fourth surgeries.

[3] CP at 2.

[4] NPO is "medical shorthand for a period of time in which a patient may not eat or drink anything."  Resp't's Br. at 8.

surgery, and Irwin alleged that informed consent "was never sought from me as the patient's power of attorney."[5]

That December, in its discovery requests, Swedish asked Anderson to "identify all experts upon whom you rely and/or intend to call as witnesses at trial."[6] Anderson responded that the information was "currently" unavailable.[7]

A few months later, Swedish filed a motion to disqualify Irwin as counsel. The trial court granted Swedish Hospital's motion. Irwin withdrew as counsel but filed a notice of appearance as an "interested party."[8]

In April, Swedish moved for summary judgment on Anderson's claims. Anderson, together with Irwin as an "interested party," filed a motion to continue the summary judgment hearing. The trial court denied the motion. After the hearing, the trial court granted Swedish Hospital's summary judgment motion.

Anderson appeals.

## ANALYSIS

### I.  Motion to Disqualify Counsel

Anderson argues that the trial court erred in granting Swedish Hospital's motion to disqualify her counsel under RPC 3.7(a). We review a trial court's decision to disqualify an attorney for an abuse of discretion.[9] A trial court abuses

---

[5] CP at 89.

[6] CP at 73.

[7] Id.

[8] CP at 237.

[9] State v. Schmitt, 124 Wn. App. 662, 666, 102 P.3d 856 (2004).

its discretion when its decision is based on untenable grounds or untenable reasons.[10]

RPC 3.7(a) provides "[a] lawyer shall not act as [an] advocate at a trial in which the lawyer is likely to be a necessary witness." A lawyer is likely to be a necessary witness if "he or she will present testimony related to substantive contested matters."[11]

Here, Irwin's testimony is necessary to support Anderson's medical malpractice and lack of informed consent claims. First, on the issue of medical malpractice, Irwin was present when Dr. Chapman performed the intubation procedure on Anderson and chipped her tooth. Anderson did not know Dr. Chapman chipped her tooth until Irwin "pointed it out to [her]."[12] And Irwin individually followed-up with Dr. Chapman after the incident. Further, Irwin fed Anderson during an NPO period despite "an NPO sign on the door and being told not to do so by the nursing staff."[13] As a result, the surgery was delayed.

Second, on the issue of informed consent, Irwin had a "singular role" as Anderson's attorney-in-fact, and she was the only person who witnessed some of Anderson's discussions with Dr. Chapman. For example, when Dr. Chapman proposed the fourth surgery, Irwin opposed the operation, but Anderson consented. Irwin stated, "We had words over the [fourth] surgery, because I

---

[10] Id.

[11] State v. Nation, 110 Wn. App. 651, 659, 41 P.3d 1204 (2002).

[12] CP at 282.

[13] CP at 95.

opposed it and thought mom was not lucid enough to make a competent decision.
. . . I was present when she verbally consented to the surgery."[14]  Because Irwin is
the only person who can testify to many of these events and her testimony
regarding her role in the violation of the NPO restriction may be prejudicial to
Anderson under a non-party at fault theory, she is a "necessary witness" and
cannot also represent Anderson under RPC 3.7(a).

Anderson contends that even if Irwin's testimony was necessary to
establish her claims, Irwin can still represent her under RPC 3.7(a)(3), the
substantial hardship exception.  The exception provides that a lawyer may still
represent a client if "disqualification of the lawyer would work substantial hardship
on the client."[15]  In her reply to Swedish Hospital's motion to disqualify Irwin,
Anderson stated, "If my daughter can't represent me, I can't afford another
[lawyer]."[16]  But Anderson seems to suggest she was primarily disadvantaged
because her daughter was not available to assist her with a motion to continue the
summary judgment and allow more time to obtain the necessary expert witness.
To the contrary, after the court disqualified Irwin, Anderson submitted a motion to
continue the summary judgment hearing with Irwin acting as an "interested party."
And Irwin signed Anderson's motion to continue as her counsel.[17]  Anderson
cannot establish that the court's disqualification of Irwin resulted in a substantial

---

[14] CP at 86.

[15] RPC 3.7(a)(3).

[16] CP at 99.

[17] CP at 233-37.

hardship when Irwin continued to represent her even after the trial court's order. Anderson does not establish that the substantial hardship exception applies here.[18]

In a related argument, Anderson contends that the trial court violated her right to due process in not holding oral argument on Swedish Hospital's motion to disqualify Irwin. But oral argument on a motion is not a due process right.[19] And KCLR 7(b)(3) permits a court to decide nondispositive motions, such as a motion to disqualify, without oral argument. Anderson's argument is not compelling.[20]

---

[18] Anderson also contends that the trial court incorrectly disqualified Irwin under RPC 1.7. But because the court did not abuse its discretion in disqualifying Irwin under RPC 3.7, we need not address her alternative argument. Glasgow v. Georgia-Pac. Corp., 103 Wn.2d 401, 407, 693 P.2d 708 (1985).

[19] Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002) ("'Due process does not require any particular form or procedure. . . . [I]t requires only that a party receive proper notice of proceedings and an opportunity to present [its] position before a competent tribunal.'") (alterations in original) (quoting Hanson v. Shim, 87 Wn. App. 538, 551, 943 P.2d 322 (1997)).

[20] Additionally, Anderson argues that the trial court erred in denying her motion for mandatory mediation under RCW 7.70.100. RCW 7.70.100 provides, "Before a superior court trial, all causes of action, whether based in tort, contract, or otherwise, for damages arising from injury occurring as a result of health care provided after July 1, 1993, shall be subject to mandatory mediation prior to trial." But CR 53.4(d) provides, "Upon petition of any party that mediation is not appropriate, the court shall order or the mediator may determine that the claim is not appropriate for mediation." Here, Swedish filed a CR 53.4(d) motion asserting that mediation was not appropriate because Anderson failed to provide expert testimony supporting the essential elements of her claims. CP at 247-55. The trial court did not err in granting Swedish Hospital's motion.

## II. Motion to Continue CR 56(f)

Anderson contends that the trial court erred in denying her motion to continue the summary judgment hearing. We review a trial court's denial of a CR 56(f) motion for an abuse of discretion.[21]

The trial court can deny a motion for continuance under CR 56(f) "where: (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact."[22]

Here, Anderson's motion to continue argued that "discovery [was] not complete" because Swedish had not submitted "any admissible evidence that did not originate" with Anderson, Swedish failed to submit any evidence to "controvert" Anderson's claim for lack of informed consent, and Swedish failed to provide evidence establishing an "alternative explanation" for her injuries.[23] But at the summary judgment hearing, the court stated, "I don't believe that the responsive pleadings that [Anderson] has put forth, actually even comply with any of the Court Rules, let alone CR 56."[24] And, both in the trial court and in her opening brief on

---

[21] Briggs v. Nova Servs., 135 Wn. App. 955, 961, 147 P.3d 616 (2006), aff'd, 166 Wn.2d 794, 213 P.3d 910 (2009).

[22] Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989).

[23] CP at 241-42.

[24] Report of Proceedings (RP) (May 28, 2021) at 11.

7

appeal, Anderson provided no meaningful analysis of the CR 56(f) factors.[25] She offers no specific explanation for her failure to provide an expert witness and no prospects that such an expert would soon be acquired. The trial court did not abuse its discretion in denying Anderson's CR 56(f) motion.

III. Summary Judgment

Anderson contends that the trial court erred in granting summary judgment in favor of Swedish Hospital on her medical malpractice and lack of informed consent claims. We review an order granting summary judgment de novo.[26] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[27] A genuine issue of material fact exists if the evidence is sufficient for a reasonable person to return a verdict for the nonmoving party.[28]

First, in a medical malpractice claim based on medical negligence, a "defendant moving for summary judgment can meet its initial burden by showing that the plaintiff lacks competent expert testimony."[29] "The burden then shifts to the plaintiff to produce an affidavit from a qualified expert witness that alleges specific facts establishing [the] cause of action."[30] The plaintiff "must show that

---

[25] Bright v. Frank Russell Invs., 191 Wn. App. 73, 86, 361 P.3d 245 (2015).

[26] Berger v. Sonneland, 144 Wn.2d 91, 102, 26 P.3d 257 (2001).

[27] Id.

[28] Reyes v. Yakima Health Dist., 191 Wn.2d 79, 86, 419 P.3d 819 (2018).

[29] Guile v. Ballard Cmty. Hosp., 70 Wn. App. 18, 25, 851 P.2d 689 (1993).

[30] Id.

'[t]he health care provider failed to exercise the degree of care, skill, and learning expected of a reasonably prudent health care provider . . . in the same or similar circumstances.'"[31]

Here, in response to Swedish Hospital's interrogatories, Anderson was asked to "identify all experts upon whom you rely and/or intend to call as witnesses at trial on any issue in this case."[32] Anderson responded, "[i]nformation requested is not currently available. Will be provided once an expert is identified and completed review."[33] A few months later, Swedish filed for summary judgment arguing that "Anderson has failed to identify an expert to testify that a health care provider failed to exercise the requisite degree of 'care, skill, and learning' reasonably expected of him or her in the [s]tate of Washington at the time of the care in question."[34] And at the summary judgment hearing, Anderson still did not provide an expert. Anderson failed to meet her burden on summary judgment.

Anderson argues that the trial court erred because our Supreme Court in Putman v. Wenatchee Valley Medical Center[35] held that the certificate of merit requirement was unconstitutional. Former RCW 7.70.150 (2006) required plaintiffs in medical malpractice actions to file a certificate of merit with their pleadings that

---

[31] Reyes, 191 Wn.2d at 86 (first alteration in original) (quoting RCW 7.70.040(1)).

[32] CP at 73.

[33] Id.

[34] CP at 142.

[35] 166 Wn.2d 974, 216 P.3d 374 (2009).

contained a statement from an expert supporting the plaintiff's claim that there was a reasonable probability that the defendant's conduct violated the standard of care.[36] But the certificate of merit requirement in former RCW 7.70.150 is distinct from the requirement that on summary judgment in a medical malpractice case the nonmoving party must produce an affidavit from a medical expert alleging that the health care provider violated the standard of care.[37] Further, neither Swedish Hospital nor the trial court relied on the certificate of merit procedural requirement.[38] Anderson's argument is misguided.

Second, to establish a lack of informed consent the plaintiff must show material facts by expert testimony. Specifically, RCW 7.70.050 provides:

> (3) Material facts under the provisions of this section which must be established by expert testimony shall be either:
>
> (a) The nature and character of the treatment proposed and administered;
>
> (b) The anticipated results of the treatment proposed and administered;
>
> (c) The recognized possible alternative forms of treatment; or
>
> (d) The recognized serious possible risks, complications, and anticipated benefits involved in the treatment administered and in the recognized possible alternative forms of treatment, including nontreatment.

---

[36] Id. at 982-83.

[37] Compare former RCW 7.70.150 with Guile, 70 Wn. App. at 25.

[38] See CP at 141-56, 361-65; RP (May 28, 2021) at 5-15, 21-23.

As discussed, Anderson did not provide the court with an expert. And without an expert, Anderson cannot establish material facts to support her lack of informed consent claim. Anderson's claim necessarily fails.

Because Anderson failed to present the court with an expert establishing the existence of genuine issues of material fact on her medical malpractice and lack of informed consent claims, summary judgment in favor of Swedish Hospital was proper.

Therefore, we affirm.

_____

WE CONCUR:

_____        _____