IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| KENDAL LEWIS, | ) | |
| | ) | No. 40081-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF CHILDREN & | ) | UNPUBLISHED OPINION |
| YOUTH FAMILY SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Kendal Lewis received notice from the Department of Children, Youth, & Families (DCYF) that the allegations he sexually abused his minor daughter were founded. An administrative law judge (ALJ) upheld the finding. Rather than file an appeal with the Board of Appeals (Board), Lewis petitioned for review in superior court. The petition was dismissed because Lewis failed to exhaust his administrative remedies before seeking judicial review.

On appeal to this court, Lewis contends that the superior court erred in dismissing his petition because he was not required to exhaust administrative remedies when there is a constitutional violation. Specifically, he argues that his due process rights were violated when DCYF failed to notify him that the ALJ who heard the case was not the ALJ who signed the initial decision.

BACKGROUND

DCYF informed Kendal Lewis that allegations that he sexually abused his minor daughter were founded. After being personally served with the DCYF letter, Lewis requested internal review. Following the internal review, Lewis was informed that the founded finding would not be changed. Lewis then requested an administrative hearing.

A hearing was held before an ALJ who heard testimony by both parties and weighed the evidence. The ALJ entered an "Initial Order" stating that DCYF's finding, as described in the letter sent to Lewis, was founded. The order stated that the ALJ who heard the matter was on extended leave, the matter was reviewed, and that the order was written by another ALJ in her absence. This notice also provided appeal rights, stating that the order would become final within 21 calendar days after mailing unless (1) either party filed an appeal with the DCYF Board, or (2) either party filed a request for an extension of the 21-day deadline.

After receiving the Initial Order, Lewis filed a petition for review with the Spokane County Superior Court. DCYF then filed a motion to dismiss under CR

2

12(b)(1), alleging that Lewis did not exhaust all available administrative remedies prior to seeking judicial review. The superior court dismissed the petition for review after concluding that Lewis "failed to exhaust all available administrative remedies prior to seeking judicial review." Clerk's Papers at 239.

Lewis appeals the order of dismissal.

ANALYSIS

Lewis contends the superior court erred by dismissing his petition for review on the basis that he had failed to exhaust his administrative remedies. He argues that his due process rights were violated when a new ALJ was appointed and rendered a final decision without notice to himself or his attorney. For this reason, he contends exhaustion of administrative remedies was not necessary. We disagree.

Exhaustion of administrative remedies "is a question of law for the trial court to decide." *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 641, 310 P.3d 804 (2013). This court "review[s] questions of law de novo." *Id*. As such, "we review de novo whether exhaustion of administrative remedies [is] required in this case." *Id*.

Once an individual has received a written notice from DCYF that the "person is named as an alleged perpetrator . . . in a founded report of child abuse or neglect," the individual "has the right to seek review . . . of the finding." RCW 26.44.125(1). First, the individual may request that DCYF review the finding. RCW 26.44.125(2). Upon receipt of the request, DCYF "shall review and, if appropriate, may amend the finding."

3

RCW 26.44.125(4). Once review is complete, DCYF shall notify the alleged perpetrator of the decision. RCW 26.44.125(4). Second, if "the report remains founded, the . . . alleged perpetrator . . . may request an adjudicative hearing to contest the finding." RCW 26.44.125(5). If the individual fails to request an adjudicative hearing, they "may not further challenge the finding." RCW 26.44.125(5).

The adjudicative proceeding process is governed by the Administrative Procedure Act (APA), ch. 34.05 RCW. Under the APA, a challenge to a DCYF action will be heard by an ALJ. WAC 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(4). At the hearing, the ALJ "must hear and decide the issues de novo." WAC 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. "The ALJ's authority is limited to determining whether the action taken by [DCYF] was justified based on the evidence presented during the hearing." WAC 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. After the hearing has concluded, the ALJ will enter an initial order that contains findings of fact and conclusions of law on the matter. WAC 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. That initial order will become final if either (a) 21 days has passed since the initial order was mailed to the parties without a request for review, or (b) when a request for review is dismissed. WAC 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(1). A "final order" means "an order that is the final DCYF decision." WAC 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.

Relevant to this appeal, a party who either disagrees with or wants to change an initial order, may seek review with the Board. WAC 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(1). After the record on review is closed, "[a] review judge [will be] assigned by the [Board] to review the initial order." WAC 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(1), (2). "The review judge will consider a written

4

request for review, any response or reply, the initial order, and the record." WAC 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(3). A review judge "may not review final orders. WAC 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(4). The "review judge will consider . . . [only] the initial order" entered by the ALJ. WAC 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(3). The review judge will only review the evidence considered by the ALJ and then decide the issue by entering a final order either affirming, changing, dismissing, or reversing the initial order by the ALJ or remanding for further action. WAC 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.

After the review judge enters a final order, a party may seek judicial review in superior court. WAC 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(1). Importantly, "[a] party may file a petition for judicial review only after it has exhausted administrative remedies, as provided under RCW 34.05.534." WAC 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(5). RCW 34.05.534, in turn, requires exhausting administrative resources unless an exception applies. A court may relieve a party from exhausting administrative resources when one the following exceptions applies:

> (a) the remedies would be patently inadequate;
>
> (b) the exhaustion of remedies would be futile; or
>
> (c) the grave irreparable harm that would result from having to exhaust administrative remedies would clearly outweigh the public policy requiring exhaustion of administrative remedies.

RCW 34.05.534(3). With these legal principles in mind, we turn to the procedures Lewis followed to determine whether the superior court erred by dismissing his petition for review.

The superior court did not err in dismissing Lewis's petition for failing to exhaust all available administrative remedies prior to seeking judicial review. Lewis sought judicial review of the ALJ's order by filing a petition for review in superior court without seeking review by the Board. On appeal, Lewis argues that he was not required to exhaust his administrative remedies because it would be futile.

Specifically, Lewis contends that his ability to exhaust his remedies regarding the new ALJ is "moot" since the only solution available at this point would be a new ALJ. But because the decision is final, that is not a possible remedy. This argument is circular and unpersuasive. The order is only final because Lewis failed to follow the administrative process and appeal the initial order to the Board within 21 days of it being mailed. *See* WAC 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. Moreover, if Lewis had appealed the initial order properly to the Board before it became final, he could have sought the relief he requested in superior court.[1]

Lewis has failed to demonstrate the application of an exception to the requirement that he exhaust his administrative remedies before seeking judicial review. We affirm the

---

[1] Lewis attempts to raise additional arguments in his reply brief, but this is too late to warrant consideration. *See State v. Orozco*, 144 Wn. App. 17, 21-22, 186 P.3d 1078 (2008) ("An issue raised for the first time in a reply brief is generally too late to warrant consideration.").

superior court's order dismissing the petition for failure to exhaust administrative remedies.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.