IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

J.R.-P.,

Appellant.

No. 88107-8-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, C.J. — J.R.-P. contends that a sentencing condition that requires him to refrain from the possession, use, or viewing of sexually explicit material is unconstitutionally overbroad. Because J.R.-P. did not object to this condition in the trial court or present any argument as to the applicability of RAP 2.5 to his claimed error until his reply brief, he has waived this challenge and we dismiss his appeal.

## FACTS

On April 18, 2025, J.R.-P. appeared in the juvenile court for entry of disposition pursuant to a negotiated resolution of his pending criminal case that arose out of conduct alleged to have occurred in June 2023. J.R.-P. had entered a guilty plea on January 17 of that year to one count each of assault in the third degree with sexual motivation and possession of a dangerous weapon under *In re Personal Restraint of Barr*[1] and *State v. Zhao*[2] and stipulated to the trial court's

---

[1] 102 Wn.2d 265, 684 P.2d 712 (1984).
[2] 157 Wn.2d 188, 137 P.3d 835 (2006).

review of the probable cause affidavit for the sole purpose of accepting his plea under that legal framework. In exchange for J.R.-P.'s guilty plea, the State had agreed to recommend a special sex offender disposition alternative (SSODA) that was "supported with [an] evaluation indicating [he was] amenable to treatment with 30 days detention suspended and 24 months supervision."

At the disposition hearing, the probation counselor assigned to J.R.-P.'s case reported to the court that J.R.-P. had completed a sex offender treatment program evaluation and the evaluator found he was "at low risk to reoffend sexually and moderately amendable [sic] to treatment." As a result, the probation department was supportive of the parties' agreed recommendation for a SSODA. The State then addressed the court and confirmed its support for a SSODA disposition, based on the probation recommendation, and further noted that the named victim was "aware and supportive" of the negotiated resolution. J.R.-P.'s only objection to the terms before the court at the plea hearing was the inclusion of a condition requiring polygraph examinations; the basis of the defense objection was that such a condition was not included in the evaluator's report or authorized by the controlling statute.[3] After hearing from the parties on the issue, the trial court entered the order and included the polygraph condition. In its disposition order, the trial court imposed a SSODA with a 30-day sentence, suspended for a period of 24 months, during which J.R.-P. was subject to community supervision and requirements to comply with the various conditions set out in the order. The terms of the SSODA mandated that he attend a state-certified sex offender

---

[3] Despite the objection in the trial court, this condition is not challenged on appeal.

treatment program and, relevant here, directed that he "shall not possess, use, or view sexually explicit material."

J.R.-P. timely appealed.[4]

ANALYSIS

As a threshold issue, the State contends in its response brief that J.R.-P. has waived his ability to challenge this condition because he did not object to its inclusion in the order at the time the disposition was entered, it is not a manifest constitutional error such that it could be considered for the first time on appeal, and, even if preserved, his preenforcement challenge to this condition is not ripe for our review. In his reply brief, J.R.-P. argues for the first time that this challenge is properly before this court because it involves a manifest error affecting a constitutional right and, separately, that it is ripe for review because he presents a purely legal issue that does not require factual development and the condition set out in the disposition order is final. The State is correct.

The State contends that because J.R.-P. failed to timely object in the trial court, he has waived his right to appeal the condition and, more critically, because this court has "previously held a similar community custody condition prohibiting sexually explicit material was not unconstitutionally overbroad, the alleged error in this case is not obvious and therefore not manifest." J.R.-P. contends in his reply brief that the State is incorrect because the "State mistakes the standard for manifest error, appearing to argue whether an error is 'obvious' means that it must be obviously unconstitutional" and the correct standard is focused "on whether the

---

[4] The State also filed a notice of cross-appeal but later withdrew it.

facts necessary to adjudicate the claimed error were in the record or not. It is not whether the error was obviously unconstitutional as the State suggests." (Citation omitted.)

However, J.R.-P. fails to address two key procedural aspects of this question of preservation: if a party seeks review of an issue under RAP 2.5, they bear the burden of demonstrating that the question is one of constitutional magnitude and the claimed error is manifest, *see State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995), and this court does not consider arguments presented for the first time in reply, *In re Personal Restraint of Rhem*, 188 Wn.2d 321, 326, 394 P.3d 367 (2017). Under RAP 2.5(a)(3), a party may raise a "manifest error affecting a constitutional right" for the first time on appeal. The party seeking such review then assumes the burden to "identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights; it is this showing of actual prejudice that makes the error 'manifest.'" *McFarland*, 127 Wn.2d at 333. "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." *Id.* However, this is necessarily a threshold showing as our Supreme Court has plainly established that we will not consider argument or issues raised for the first time in reply, *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992), and this court has followed that controlling precedent from our state's highest court for decades. *See, e.g., State v. Troutman*, No. 84054-1-I, slip. op. (unpublished portion) at 18 (Wash. Ct. App. Apr. 8, 2024), https://www.courts.wa.gov/opinions/pdf/840541orderandopinion.pdf; *State v. Ho*,

8 Wn. App. 2d 132, 140-41, 437 P.3d 726 (2019); *State v. Orozco*, 144 Wn. App. 17, 21-22, 186 P.3d 1078 (2008); *State v. Blessum*, noted at 125 Wn. App. 1003 (2005); *State v. Tjeerdsma*, 104 Wn. App. 878, 886, 17 P.3d 678 (2001); *State v. Cohn*, noted at 86 Wn. App. 1085 (1997).[5]

Here, J.R.-P.'s sole assignment of error on appeal is that the condition imposed by the trial court that prohibited access to sexually explicit materials is unconstitutionally overbroad and improperly restricts his access to materials protected by the First Amendment to the United States Constitution. However, he fails to even cite RAP 2.5 in his opening brief much less apply the facts of his case to the relevant standard such that he could satisfy his burden under the rule. Further, when this procedural deficit was identified in the State's response brief, J.R.-P. elected to argue the relevant standard under RAP 2.5, rather than acknowledge this binding procedural holding regarding arguments presented for the first time in reply or identify how the rule had been satisfied in his opening brief. Accordingly, his challenge is waived and we dismiss his appeal.

Dismissed.

WE CONCUR:

---

[5] GR 14.1 permits citation to unpublished opinions as necessary for well-reasoned opinions. We cite these unpublished opinions here only to illustrate the consistent holdings of this court on this issue.

- 5 -